CASE 77—ACTION BY E. J. SECREST FOR A MANDATORY INJUNCTION AGAINST F. B. HENRY AND OTHERS TO COMPEL THEM TO OPEN THE BALLOT BOXES FROM CERTAIN PRECINCTS AND COUNT THE BALLOTS CAST IN A PRIMARY ELECTION FOR COUNTY ASSESSOR. —FEB. 3.

114 677
e118 701

114 677
f120 685

114 677
121 284

## Henry and Others v. Secrest.

APPEAL FROM NICHOLAS CIRCUIT COURT.

FROM A JUDGMENT GRANTING THE WRIT OF INJUNCTION, DEFENDANTS APPEAL. REVERSED.

PRIMARY ELECTIONS—BALLOTS—RECOUNTING—NOTICE OF CONTEST— MANDAMUS—PETITION.

Held: 1. Kentucky Statutes, section 1563, provides that in all cases of contest the governing authority of a political party holding a primary election shall have power to hear and determine the same in such manner as the committee shall determine. HELD, that a written notice from a candidate to the committee that he proposed making a contest, where no contest had in fact been made, was not sufficient to require the committee to recount the ballots.

2. Where a petition for a mandatory injunction to compel a committee of a political party to recount the ballots at primary election, averred that plaintiff, who was a defeated candidate, after notice to the committee, had demanded such recount; that he

believed it would show that he had received a plurality of the votes; and that the committee refused his written request therefor, or to make any arrangement for deciding the contest which he proposed to make; but failed to allege any fraud, wrongdoing, or mistake on the part of the committee or any of the officers of the election,—it was demurrable.

DICKSON & KENNEDY, FOR APPELLANT.

At a primary election held in Nicholas county, May 4, 1901, to nominate Democratic candidates for the November election following, the appellee, Secrest, was one of the candidates for county assessor. The returns made by the precinct election officers showed that Cummins received 322 votes, Secrest 316, and Arnold 312, and upon this showing Cummins was declared the nominee by the committee.

In the meantime appellee appeared by counsel, before the committee had taken any steps towards counting the vote or declaring the nominee, and moved that the committee should produce the ballot boxes and count the ballots and in that way ascertain the result and also moved the committee to provide a form and manner for contesting the nomination—but no notice of contest was given by appellee then or afterwards. Appellee thereafter had a written notice served on each member of the committee requiring them to reassemble, open the ballot boxes, and count the vote, and provide a form of contest. The committee having performed their duty as they understood it, and no contest having been inaugurated, refused to meet or take any further action in the matter, and on May 27, 1901, appellee filed his petition in the circuit court against the committee and other candidates, asking for a writ of mandamus to compel the committee to reassemble and count the ballots, which, upon final hearing of the court, was granted and from that judgment appellants have prosecuted this appeal. We contend:

1. That the petition does not state facts sufficient to constitute a cause of action.

2. That the committee did all the law required it to do when it met and counted the votes as certified by the election officers.

3. That the committee had no authority to open the boxes and count the ballots where the certificate of the election officers show how the vote was cast.

4. Under the primary election law the committee, so far as counting the vote is concerned, is vested with the same power as an examining board in regular elections—that is to canvass the returns as made and certified by the precinct officers and to issue certificates of nomination to the successful candidates.

Henry and Others v. Secrest.

5. No contest having been filed the committee was not required to provide a form and manner of contest.

6. The petition does not state any facts upon which the committee could act, but it merely states conclusions.

7. The petition does not allege that plaintiff received any votes that were not counted for him nor that any votes were counted for his opponent to which he was not entitled, nor that any act was done by which his rights were prejudiced.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 1560, 1482, 1508, 1562 and 1563; Anderson v. Likens, 20 Ky. Law Rep., 1001; Booe County Judge v. Kenner, 20 Ky. Law Rep., 1343; Louisville v. Keen, 13 B. M., 17; Bach v. Spencer, 24 Ky. Law Rep., 354.

CHAS. W. WOOD, for APPELLEE.

There are only two points in this case:

1. Whether or not it was the duty of the governing authority to count the votes, or whether that duty was merely to canvass the returns made by the precinct officers?

2. Whether or not it was the duty of the Democratic committee to provide a manner and form for contesting elections?

(1) We contend that section 1563 of the primary election law which empowers the committee to "*count the votes*" received by all the candidates in such primary instead of using the words "*canvass the vote,*" means that the committee when called on must *count* the vote, and not merely canvass the returns of the precinct election officers.

(2) Section 1563 provides that in "cases of a tie vote or contest, the proceedings shall be in such form and manner as the committee or governing authority shall determine upon."

This the committee failed to do, and also failed and refused to *count* the vote and we claim that the writ of mandamus was the proper proceeding to compel the committee to act.

### AUTHORITIES CITED.

Civil Code, sec. 477; 82 Ky., 632; 18 B. M., 426; 3 Met., 394.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

On May 4, 1901, a primary election for the nomination of Democratic candidates for county offices was held in Nicholas county by order of the Democratic committee. Appellee, E. J. Secrest, and six others were candidates in the primary for the nomination of county assessor. The race

was quite close between the candidates for assessor, for appellee was defeated by only six votes by the candidate declared the nominee. The primary seems to have been fairly and legally conducted. Returns were duly made from the several voting precincts of the county, and on May 6th the committee met at the courthouse in Carlisle, the county seat, and in due form canvassed all the returns, and declared the candidates receiving the highest number of votes duly nominated. Appellee was present at the meeting of the committee mentioned, and demanded of them that they open the ballot boxes returned from the several precincts, and count the ballots, in order that it might be determined whether he or his leading opponent was entitled to the nomination for the office of county assessor. The committee refused to comply with his request, and thereupon appellee instituted suit in the Nicholas circuit court against appellant Henry and others, chairman and members of the Democratic committee, respectively, for the purpose of obtaining a mandatory injunction from the judge thereof to compel the county committee to open the ballot boxes and make a count of the votes from the ballots cast and returned. The petition avers, in substance, that the appellee had, after notice to the committee, demanded of them a count of the ballots, and the opening by them of the ballot boxes for that purpose; that he believed that a count of the ballots would show that he had received a plurality of the votes cast in said primary for the nomination as assessor. It was alleged that the committee refused his request to count the ballots, and, further, that, though requested, and in writing notified, by him to do so, they refused to make or arrange the form or manner of deciding the contest which he proposed to make for the nomination of assessor. Appellants filed special demurrer to the petition and to the juris-

diction of the court, which was overruled. They then entered motion to require appellee to paragraph his petition, make it more specific, and to strike out certain parts thereof; all of which motions were overruled. Thereupon a general demurrer to the petition was filed and overruled, after which answer was filed. The answer traverses the petition, denies the jurisdiction of the court, and avers, in substance, that no contest had been instituted by appellee, and that none was then pending; that the vote had been fairly canvassed and counted by the committee from the returns made by the election officers of the various precincts of the county; that the count thus made showed the nomination of a person other than appellee for assessor; and that they had no right to open the ballot boxes and count the vote from the ballots. A demurrer was filed to the answer by appellee, which was sustained, and, appellants refusing to plead further, the lower court granted the mandatory injunction to compel the committee to open the ballot boxes and count the ballots. To that judgment appellants excepted, and to reverse it they prosecute this appeal.

The petition contains no averment of fraud, wrongdoing, or mistake on the part of the committee or any of the officers of the election. It does not set forth any ground for a contest. It gives no reason to support appellee's claim to the nomination, but merely expresses his opinion that the counting of the ballots contained in the boxes would show him entitled to the nomination. Section 1563, Kentucky Statutes, provides that: "In all cases of a tie or contest, the committee or governing authority of the political party holding such primary election, shall have the power to hear and determine such contest, and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee

shall determine upon." We are not inclined to believe that a mere statement, though in the form of a written notice, from a candidate, made to the committee, that he proposed making a contest, would be sufficient to justify the latter in prescribing the form or manner of proceeding in such contest, when, after all, it might or might not be made; and certainly the committee could not be required, in the absence of a contest, to open the ballot boxes and count the ballots. If appellee intended to inaugurate a contest, he should have done so in the usual and only proper manner— by giving notice to the committee, as well as to the candidate whose right to the nomination was to be contested, and by filing with the committee specifications showing fully the grounds upon which the contest was to be based. If for irregularities, fraud, or mistake in the manner of holding the election, receiving votes, counting votes, or certifying the returns, it should be stated. In the absence of such specifications, the committee were justified in refusing the appellee's demands.

We are also of the opinion that the special judge erred in not sustaining the general demurrer to the petition. It presents no cause of action, and the court had no authority to grant the injunction in the absence of a contest, and upon the mere suggestion of appellee that he believed a count of the ballots would show his nomination, especially when the facts alleged in the petition show that a count had been properly made by the committee by a canvass of the returns.

Judgment reversed, with directions to the lower court to dissolve the injunction and dismiss the petition.