CASE 87—PRIMARY ELECTION CONTEST BY ANNIE R. BEASLEY AGAINST C. C. ADAMS.—SEPTEMBER 29.

# Beasly v. Adams.

APPEAL FROM GRANT CIRCUIT COURT—JOHN M. LASSING, CIRCUIT JUDGE.

FROM THE JUDGMENT OF THE CIRCUIT COURT THE CONTESTANT APPEALS. APPEAL DISMISSED.

PRIMARY ELECTION—CONTEST—RIGHT OF APPEAL.

Under Ky. St. 1903, sec. 1563, providing that in case of a primary election contest the governing authority of the political party holding such election shall have power to hear and determine such contest, and "decide who shall be entitled to the nomination," the proceedings to be in such form and manner as such governing authority shall determine, is final, and an appeal is unauthorized.

WM. CARNES AND HARRISON & BEASLEY, ATTORNEYS FOR APPELLANT.

1. Our contention is that under the rule laid down by this court in Henry v. Secrest, 24 R., 1507, and in Cain v. Page, 19 R., 977, this court has jurisdiction to hear this appeal where a recount of the vote in a primary election was denied the contestant by the governing authority of such primary.

2. We submit that where the governing authority in calling the primary election adopted a rule "that in the final hearing of the case the party defeated may have an appeal to the Grant circuit court if they so desire," gives authority for this appeal.

Beasley v. Adams.

CLORE, DICKERSON & CLAYTON and R. L. GREENE, ATTORNEYS
FOR APPELLEE.

1. The statute does not authorize an appeal from the action
of a contest board in a primary election, nor is there anything in
the law governing primary elections authorizing an appeal.

2. There is no question in this case that the committee before
whom this contest came, was the governing authority of the
party.

3. The circuit court having no jurisdiction conferred on it by
statute of this appeal, certainly such jurisdiction could not be
given to it by any rule of the board.

4. Section 1563, Ky Statutes is positive and explicit . in  its
terms, giving the committee plenary power to receive and count
the vote and declare the nominee. There is no appeal provided
for in the statute, and the words used manifest the purpose on
the part of the Legislature to repose the authority finally in the
committee.

OPINION OF THE COURT BY JUDGE BARKER—DISMISSING.

The appellant, Annie R. Beasley, and the appellee, Claude
C. Adams, were rival candidates for the nomination of the
Democratic party for the office of school superintendent for
Grant county, Ky., at a primary election held on the 2d day
of April, 1904. After the election the returns were can-
vassed by the Democratic executive committee, the govern-
ing authority of the party in the county, who awarded the
certificate of nomination to appellee. On the 30th day of
April, 1904, appellant, being dissatisfied with the action of
the committee as a canvassing board, filed with them grounds
of contest in writing, in which she set forth various reasons
why the certificate of nomination should be awarded her in-
stead of appellee. On May 9, 1904, amended grounds for
contest were filed, and on the same day the committee met,
and, all having been duly sworn to faithfully discharge their
duty as members of the contest board, it was then moved
and carried that rules governing the proceedings of contest
be adopted, and it was resolved as follows:

"Rule No. 1. The committee shall first proceed to hear and determine at this meeting any objection of the contestee, C. C. Adams, to the sufficiency of the notice of contest, and to dismiss said contest if said notice and grounds are insufficient; and, resolved:

"Rule No. 2. That in the event the said committee should hold that the notice of contest states sufficient grounds of contest to authorize the investigation of facts and the hearing of proof, that the contestee shall have ten days' time after this date to file an answer or counter contest, and the contestant shall have ten days after notice of the filing of same has been served upon her in which to reply; and thereupon the committee shall proceed to direct how and in what manner the testimony may be produced before said committee; and this meeting will in that event be adjourned to meet on the call of the chairman to provide said rules for the production of the testimony, and it shall be the duty of said chairman to forthwith call a meeting at some date not later than ten days after the filing of said reply for the purpose of promulgating the rules governing the production of evidence and the further hearing of the contest.

"Rule No. 3. In the event the committee shall hold that the notice of contest is insufficient, and does not state grounds to authorize an investigation of the facts or the hearing of proof, then the contest shall be dismissed, and the committee finally adjourned from the consideration of the said contest."

The parties to the contest were treated as litigants in court, the appellant being plaintiff, and her grounds of contest her petition. The appellee, who was defendant, filed a general demurrer to the petition as amended, and this, after being duly considered, was sustained, and the petition dismissed, whereupon appellant prayed an appeal to the

Grant circuit court, which was allowed her by the commit-
tee, under amended rules governing the contest, which were
adopted on her motion, and which are as follows:

"Rule No. 1. It is ordered that should the contestant or
contestee offer any amendments, they should be considered
as to the sufficiency or insufficiency of them in this contest."

"Rule No. 2. It is ordered that in the final hearing of
this contest, the party defeated may have an appeal to the
Grant circuit court, if they so desire."

At the June term of the Grant circuit court a motion was
made to dismiss appellant's appeal, which was afterwards
sustained, for want of jurisdiction, from which judgment
this appeal is prosecuted.

The question for adjudication on this submission is
whether or not an appeal lies from the decision of the com-
mittee to the circuit court. Section 1551, Kentucky Stat-
utes, 1903, is as follows: "All primary elections held in this
Commonwealth by the various political parties shall be held
and conducted in the same form and manner and under the
same requirements as are or shall be provided by law for
the holding of regular State elections, except in such par-
ticulars as herein excepted." Section 1563: "The duly au-
thorized and constituted committee or governing authority
in the county or district in which a primary election may be
held hereunder is hereby empowered to count the votes re-
ceived by all candidates in such primary elections, and to
declare the candidate or candidates, in cases where candi-
dates for more than one office are to be nominated, receiv-
ing the highest number of votes the nominee of such politi-
cal party for the office for which he was voted for at such
primary election. In all cases of a tie vote or contest, the
committee or governing authority of the political party
holding such primary election shall have the power to hear

and determine such contest, and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee or governing authority shall determine upon. Before entering upon the discharge of the duties set forth in this article, the committee or governing authority shall be sworn by some officer authorized by law to administer an oath, to faithfully and honestly discharge the duties herein imposed; and the failure upon the part of any member of the committee or governing authority to discharge such duties faithfully and honestly shall be deemed a misdemeanor, and the persons so offending shall, upon indictment and conviction in the circuit court of the county or district, be fined not less than one hundred dollars nor more than five hundred dollars, and be imprisoned in the jail not less than sixty days nor more than one year."

Appellant insists that under the language of section 1551 she is entitled to an appeal from the decision of the committee to the circuit court, for the reason that the law regulating the holding of elections authorizes an appeal from the decision of the board of contest to the circuit court in contests for State and county offices. This position would undoubtedly be sound were it not for the language in section 1563, which limits the right of contest in primary elections to a trial before the governing authority under whose auspices the election is held, and which is as follows: "In all cases of a tie vote or contest, the committee, or governing authority of the political party holding such primary election shall have the power to hear and determine such contest, and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee or governing authority shall determine upon." This makes the decision of the contest committee

final. The language that the committee shall have the power to hear and determine such contests, and decide who shall be entitled to the nomination, precludes the idea that there shall be an appeal. The entire matter is referred to the governing authority of the party for its decision, and this is eminently proper, as the question is purely political. This construction is consonant with sound reason, and any other would violate the elementary canon of statutory construction that the law should not be so interpreted as to make it vain or illusory. Primary elections are held for the purpose of nominating party candidates for the regular State election thereafter to be held for the selection by the whole people of their official servants. The right of political parties to so select their nominees has been deemed sufficiently important to safeguard the official machinery by which the elections are held with the protection of the law; but if, where there are contests over the nominations, the defeated candidates may appeal to the courts, it would necessarily follow that the State election would be held before the contest could be settled, and the political party whose nominees were thus involved in litigation would have no place on the ticket for the offices in question, and the statute rendered abortive. If subsection 12 of section 1596a, Kentucky Statutes, 1903, authorizes an appeal from the decision of the board of contest to the circuit court in a primary election, then it also authorizes an appeal from the judgment of the circuit court to the Court of Appeals, and, this being true, it is not believed that it would ever be possible to finally settle by adjudication a contest for a party nomination in time for the regular election. The conclusion we have reached is in line with all the utterances of this court on the subject. In Cain v. Page, 42 S. W., 336, 19 Ky. Law Rep., 977, the question was whether or not the com-

mittee, of which one O'Neal was chairman, was the govern-
ing authority. It was necessary to decide this question, and
the court did decide that this committee, having been recog-
nized by the State central committee as such, was the gov-
erning authority, and its decision in the matter of the con-
test was upheld. See, also, Moody v. Trimble, 109 Ky., 139,
58 S. W. 504, 22 Ky. Law Rep., 692, 50 L. R. A., 810, and
Davis v. Hambrick, 109 Ky. 276, 58 S. W., 779, 22 Ky. Law
Rep., 815 51 L. R. A., 671. The case of Henry v. Secrest,
114 Ky., 677, 71 S. W., 892, 24 Ky. Law Rep., 1505,
in no wise militates against this view. In that
case it was sought by mandatory injunction to force the com-
mittee to act upon a contest alleged to be pending before
them, and of which they refused to take cognizance. This
court held that there was no contest pending, and reversed
the judgment awarding the mandatory injunction.

There is no substantial ground for the inference drawn by
counsel for appellant that because this court took jurisdic-
tion in Cain v. Page and Henry v. Secrest it has jurisdic-
tion of the case at bar. Neither of those cases involved an
appeal from the decision of the governing authority of a
political party. In Cain v. Page, as said before, the ques-
tion was whether the committee which heard the contest
was or not, the governing authority? That question alone
was settled by this court, and then it was held that the
committee's action could not be reviewed. In Henry v.
Secrest the court took jurisdiction, not for the purpose of
reviewing the decision of the governing authority, but, upon
proper showing, of requiring them to decide between the
parties in the matter of contest. In the case at bar the gov-
erning authority of the party has acted upon the sufficiency
of appellant's grounds of contest, and rendered a decision
adverse to her. This judgment can not be reviewed by us.
Courts will often require officials to act in matters, the de-

cision of which is exclusively within their discretion, when they refuse to do so, although they will not review the decision when made, however erroneous it may be.

Appellant further contends that, although the statute alone may not afford her the right of appeal, yet she is entitled to it under the resolution of the committee that either party dissatisfied with their decision should have an appeal to the Grant circuit court, based upon the provision of section 1563 that the proceedings in such cases shall be in such form and manner as the committee or governing authority shall determine upon. The language of the statute in no wise authorizes the resolution of the committee. They could, under it, regulate the proceedings of the contest before themselves, but could confer no jurisdiction on the Grant circuit court.

The motion to dismiss the appeal is sustained.