Case 86.—ACTION BY GEORGE P. HARRIS TO ENJOIN A. J. BRUCE, CLERK OF CARROLL COUNTY, FROM PLACING THE NAME OF M. L. DOWNS UPON THE BALLOT AS THE DEMOCRATIC NOMINEE FOR COUNTY JUDGE OF CARROLL COUNTY.—June 9.

## Harris v. Bruce, County Clerk.

Appeal from Carroll Circuit Court.

JOHN M. LASSING, Circuit Judge.

From the judgment dismissing the petition plaintiff appeals. Affirmed.

Primary Elections—Contests—Notice—Governing Authority—Review.

1. Primary Elections—Contests—Notice—Under sec. 1563, Ky. Stats., which provides that "in all cases of a tie vote or contest in primary elections the committee or governing authority holding such primary shall have the power to hear and

determine such contest, and decide who shall be entitled to the nomination," it is essential that notice of such contest be given to enable the committee to try the contest.

2. Governing authority—Review—The courts have no jurisdiction, directly or indirectly, to review the action of the committee or governing authority.

WINSLOW & HOWE and JAMES B. DUNCAN for appellant.

## SYNOPSIS AND AUTHORITIES.

1. The law is mandatory and the court has jurisdiction. (Eagan v. Gerwe, 23 Ky. Law Rep., 1496; Brown v. Repub. Co. Com., 23 Ky. Law Rep., 2421; Young v. Beckham, 24 Ky. Law Rep., 2136; Neal v. Young, 25 Ky. Law Rep., 186.)

2. The case of Beasley v. Adams. (26 Ky. Law Rep., 573.)

3. The case of Taylor v. Johnson.

4. A direct decision of the point in controversy. (Price v. Lush, 9 L. R. A., 467.)

5. The mandatory statute. (Ky. Stats., secs. 1555-1559.)

6. Plaintiff has a valuable and vested right. (Neal v. Young, 25 Ky. Law Rep., 183; Brown v. Repub. Com., 23 Ky. Law Rep., 2421.)

7. The illegal call for the primary.

8. The entire disregard of the registration laws, and the legal effect thereof. (Ky. Stats., secs. 1555-1559; Morril v. Haines, 2 N. H., 246.)

9. The effect upon the "general results" of the pretended primary.

10. Errors in practice.

11. The relief asked of this honorable court.

JOHN S. GAUNT, JAMES HEMPHILL and W. S. PRYOR for appellee.

## SYNOPSIS OF POINTS AND AUTHORITIES.

1. This proceeding is a "contest" within sec. 1563, Ky. Stats. (Ky. Stats., 1563; Beasley v. Adams, 26 Ky. Law Rep., 573, 82 S. W., 249; Bouvier's Law Dictionary, vol. 1, p. 421; Robertson v. State, ex rel. Smith, 109 Ind.,—, 10 N. E., 582.)

2. Doctrine of Beasley v. Adams does not conflict with cases cited by appellant. (Batman v. Megowan, 1 Metc., 533; Moody v. Trimble, 22 Ky. Law Rep., 692; Berry v. Stine, 96 Ky., 63.)

3. The law is not nullified by the court's refusal of jurisdiction. (Ky. Stats., 1563; Beasley v. Adams, 26 Ky. Law Rep., 573, 82 S. W., 249.)

Opinion by Judge Paynter—Affirming.

At a primary election regularly called by the governing authority of the Democratic party in Carroll county the appellant, George P. Harris, and appellee, M. L. Downs, were candidates for county judge. The county committee (the governing authority of the party) canvassed the returns, and certified that Downs was duly nominated, and gave him a certificate to that effect. On the day that the committee met and canvassed the returns the appellant appeared before it and filed a petition and affidavit in which it was averred that several persons had been allowed to vote without having registration certificates, and moved the committee to set aside the primary election, and call a new one, which the committee declined to do. The facts are made to appear by the petition filed in this case, and for which reason he seeks to enjoin the county clerk from placing the name of Downs upon the ballot as the Democratic candidate for county judge of Carroll county. The court below dismissed the petition upon the ground that it had no jurisdiction to directly or indirectly review the action of the committee of which appellant complains. By this proceeding appellant seeks to contest the election of Downs. He asks the court to set aside the primary election because illegal votes were cast at it.

Sec. 1563, Ky. Stats. 1903, provides: "In all cases of a tie vote or contest, the committee or governing authority of a political party holding such primary election shall have the power to hear and determine such contest, and decide who shall be entitled to the nomination. This section gives the governing authority of a party the right to hear and determine a contest. The Legislature evidently did not intend

the courts should hear and decide contests growing out of primary elections.    The contest referred to in the statute is calling in question the result as certified by the governing authority of the party.

This court, in Beasley v. Adams, 118, Ky., 695, 82 S. W., 250, 26 Ky. Law Rep., 573, said: "This makes the decision of the contest committee final.    The language that the committee shall have the power to hear 'and determine such contests, and decide who shall be entitled to the nomination,' precludes the idea that there shall be an appeal.    The entire matter is referred to the governing authority of the party for its decision."

In the case of Henry v. Secrest, 114 Ky., 677, 71 S. W., 892, 24 Ky. Law Rep., 1505, the court had under consideration substantially the same case as the one at bar, and held that the plaintiff was not entitled to maintain the action.    No notice of contest was given in that or in this case.    It was essential that such notice should be given to enable the committee to try the contest.    The court has no jurisdiction to determine whether or not illegal votes were cast at the primary election.    The question could have been decided by the committee had the contest been instituted by giving notice as provided by the statute.

The judgment is affirmed.

Petition for rehearing by appellant overruled.