Democratic Executive Committee of Harrison Co. v. Dougherty.

CASE 50.—ACTION BY JAS. A. DOUGHERTY AGAINST THE DEMOCRATIC EXECUTIVE COMMITTEE OF HARRISON COUNTY.—June 18, 1909.

## Democratic Executive Committee of Harrison County v. Dougherty

Appeal from Harrison Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

1. Elections—Primary Elections—Contest—Decision by Committee—Review by Courts.—Under Ky. St. 1909, Sec. 1563, empowering the committee of a political party holding a primary election to hear and determine a contest, and decide who is entitled to the nomination, the only power which the courts have is to force the committee to decide, and they cannot review its decision.

2. Elections—Primary Elections—Contest—Decision by Committee—Review by Courts.—Under Ky. St. 1909, Sec. 1563, empowering the committee of a political party holding a primary election to hear and determine a contest, and decide who is

Democratic Executive Committee of Harrison Co. v. Dougherty.

entitled to the nomination, it is within the jurisdiction of the committee to pass upon the sufficiency of the grounds of the contest, and their decision, dismissing grounds relied upon as insufficient, cannot be reviewed by the courts.

3. Elections—Primary Elections—Contest—Decision by Commitee.—The decision by the committee of a political party on a primary election contest that, a petition signed by 10 per cent. of the voters for a recount of the ballots not having been obtained within ten days after the election as required by a rule of the party, a recount could not be had, was a determination of the contest, and it was error to award a mandatory injunction requiring the committee to proceed and hear and determine the contest.

DANIEL DURBIN and CHESTER M. JEWETT for appellants.

### CASES CITED.

Ky. Statutes, Section 1563; Cain v. Page, 19 Ky. Law Rep. page 978; Beasley v. Adams, 26 Ky. Law Rep. page 573; Henry v. Sechrest, 24 Ky. Law Rep. page 1505; Co. of Ky. v. Combs, 27 Ky. Law Rep. page 751; Hill v. Holden, 27 Ky. Law Rep. page 1071; Davis v. Hambrick, 22 Ky. Law Rep. page 815; Moody v. Trimble, 22 Ky. Law Rep. page 694; Mason v. Bierly, 26 Ky. Law Rep. page 487; Crain v. Breeder, 15 Am. Dec. 230; Fairchild case, 151 New York; Puliston v. United States, 88 Fed. Rep. 975; New York Case; Quarl v. Abbott, 52 Am. Rep. 666.

J. J. OSBORNE and JOE FENNELL for appellee.

There is but one question at issue upon this appeal: Has the Democratic Executive Committee of Harrison County, Ky., heard and determined the contest of Jas. A. Dougherty, appellee, which he instituted against the appellant, E. F. Mason?

### AUTHORITIES CITED.

Kentucky Statutes, Edition 1903, Sec. 1563; American & English Encyclopedia of Law, Vol. 12 First Edition, Page 224-247; Kentucky Statutes, Edition 1903, Sec. 2123; American & English Encyclopedia of Law, Vol. 12, page 247. Foot Note 1; American & English Encyclopedia of Law, Vol. 12, page 248, Column 1; American & English Encyclopedia of Law, Vol. 12, page 248, Column 2; American & English Encyclopedia of Law, Vol. 12, page 249, column 1; American & English Encyclopedia of Law, Vol. 12, page 249, column 2; Work's Courts and Their Jurisdiction, Sec. 8, page 22; American Reports, 52nd. Vol. page 666; S. W. Reporter, Vol.

70, page 852; S. W. Reporter, Vol. 70 page 854; S. W. Reporter, Vol. 70, page 855; Words & Phrases. Vol. 4, page 3235; Words & Phrases, Vol. 4, page 3236; S. W. Reporter, Vol. 87, page 786—787; S. W. Reporter, Vol. 71 page 892; S. W. Reporter, Vol. 99, page 910.

OPINION OF THE COURT. BY JUDGE BARKER—Reversing:

In the summer of 1908 the Democratic Executive Committee of Harrison county duly and regularly called a Democratic primary election for the nomination of county officers, to be held on the 14th day of November, 1908. At this primary election the appellant, E. F. Mason, the appellee, James A. Dougherty, and George T. Renaker were candidates for the nomination of the party for the office of clerk of the Harrison Circuit Court. After the primary election was held the executive committee met and canvassed the returns, and, having found that E. F. Mason received 40 more votes than either of his opponents, they issued to him a certificate of nomination. Afterwards, on the 18th day of November, 1908, the appellee, Jas. A. Dougherty, caused to be served upon the committee and appellant Mason a notice of contest. The committee was called together after receiving this notice on the 20th day of November, and formulated the following rules for determining the contest: "Rule for determining the contest between James A. Dougherty, contestant for the nomination of the Democratic party and E. F. Mason, contestee, for the office of clerk of the Harrison Circuit Court, resolved by the Harrison County Democratic Executive Committee, in meeting assembled, that the rule for determining the contest between James A. Dougherty, contestant, and E. F. Mason, contestee, be as follows: All of the petition of contestant Dougherty is hereby

dismissed, except that portion relative to the accuracy of the counting of the votes. This committee will meet on the 15th day of December, 1908, and hear proof to be offered by contestant, and then determine whether or not said proof as then offered will warrant this committee in opening the said ballot boxes and recount the ballots as claimed in the petition."

On the 15th day of December the committee met and adjourned to the 18th day of December, on which date it again met pursuant to the order of adjournment, and they then dismissed the appellee's petition and contest. Whereupon he instituted this action for a mandatory injunction requiring the committee to hear and determine his contest for the nomination. Upon final trial the chancellor held that the committee had not heard and determined the contest, and entered a judgment in accordance with the prayer of the petition, requiring them so to do. From this judgment the committee and E. F. Mason have prosecuted this appeal.

Section 1563 of the Kentucky Statutes of 1909, concerning contests in primary elections, in so far as pertinent hereto, is as follows: "The duly authorized and constituted committee or governing authority in the county or district in which a primary election may be held hereunder is hereby empowered to count the votes received by all candidates in such primary election, and to declare the candidate or candidates, in cases where candidates for more than one office are to be nominated, receiving the highest number of votes the nominee of such political party for the office for which he was voted for at such primary election. In all cases of a tie vote or contest, the committee or governing authority of the political

party holding such primary election shall have the power to hear and determine such contest, and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee or governing authority shall determine upon.'' It is conceded by the parties to this litigation that the only question to be determined upon this appeal is whether or not the committee heard and determined the contest between Mason and Dougherty. It is also conceded that the courts have no power to correct the decision of the committee in such a matter, however erroneous it may be. The only power which the courts have is to force the committee to decide, but they can not review their decision. The case of Beasley v. Adams, 118 Ky. 695, 82 S. W: 249, 26 Ky. Law Rep. 573, for all practical purposes involved the questions we have here. In the opinion, after quoting from section 1563, Ky. St. 1909, the following: ''In all cases of a tie vote or contest, the committee or governing authority of the political party holding such primary election, shall have the power to hear and determine such contest and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee or governing power shall determine upon''—we said:

''This makes the decision of the contest committee final. The language that the committee shall have the power to hear and determine such contests, and decide who shall be entitled to the nomination, precludes the idea that there shall be an appeal. The entire matter is referred to the governing authority of the party for its decision, and this is eminently proper, as the question is purely political. This construction is consonant with sound reason, and any

other would violate the elementary canon of statutory construction that the law should not be so interpreted as to make it vain or illusory. Primary elections are held for the purpose of nominating party candidates for the regular state election thereafter to be held for the selection by the whole people of their official servants. The right of political parties to so select their nominees has been deemed sufficiently important to safeguard the official machinery by which the elections are held with the protection of the law; but if, where there are contests over the nominations, the defeated candidates may appeal to the courts, it would necessarily follow that the state election would be held before the contest could be settled, and the political party whose nominees were thus involved in litigation would have no place on the ticket for the offices in question, and the statute rendered abortive.'' And again: ''In the case at bar the governing authority of the party has acted upon the sufficiency of appellant's grounds of contest, and rendered a decision adverse to her. This judgment can not be reviewed by us. Courts will often require officials to act in matters, the decision of which is exclusively within their discretion when they refuse to do so, although they will not review the decision when made, however erroneous it may be.''

Applying the principles thus enunciated, we have no difficulty in reaching the conclusion that the committee heard and determined the matter of contest between the rival candidates. In the notice of contest several grounds were relied upon by the contestant. These were all dismissed by the committee, except that one which alleges that the contestant in reality received more votes than the contestee.

Whether this decision was right or wrong it is not within our province to determine. It was within the jurisdiction of the committee to pass upon the sufficiency of the grounds of contest, and their decision that certain grounds relied upon were insufficient was in principle the same as if a demurrer had been filed to these grounds and sustained by the committee. This decision left only one question to be determined: Which of the two candidates received the greater number of legal votes? As to this ground, the contestant seems to have relied in the main upon his right to a recount of the ballots in the boxes which had been preserved, and, so far as this record shows to the contrary, had not been tampered with in any way. The contestee objected to a recount of the ballots, and relied upon a rule of the Democratic party, formulated at its last convention, which authorized a recount of the ballots, provided this is requested by 10 per cent. of the voters voting at any election precinct, the request to be shown by a petition in writing signed within 10 days after the election. It was the theory of the contestee that the contestant did not show himself entitled to a recount of the ballots because he had failed to obtain a petition of 10 per cent. of the voters participating in the election within ten days next after the election. The contestant did obtain such a petition, but not within the time prescribed by the rule. The committee, having heard argument upon this question, decided that under the rule the petition must have been obtained within 10 days after the election, and, this not having been done, a recount of the ballots could not be had. This was certainly a determination of the legal question based upon the party's rules, and binds the con-

testant and all others concerned in the contest.   The contestant not having produced any other evidence showing that he was entitled to the nomination, the committee dismissed the whole procedure, and it is of this action that appellee complains.

We  are  of  opinion that the learned trial judge erred in awarding  the mandamus  against the committee.   We think the questions of law which arose upon the pleadings in the contest before the committee were alone within their jurisdiction to determine; and, they having determined them adversely to the contestant, he can not have their decision reviewed by the courts.   The burden of proof was upon the contestant, and, he having failed to adduce any evidence which tended to overthrow the certificate of nomination which had been awarded to the contestee, the committee had a right to dismiss the procedure.

For these reasons, the judgment is reversed, with directions to dismiss the petition.