CASE 84.—ACTION BY M. S. BAUGHMAN AGAINST THE DEM-
OCRATIC EXECUTIVE COMMITTEE OF LINCOLN
COUNTY, &C.—Oct. 1, 1909.

## Dem. Ex. Com. Lincoln County, &c. v. Baughman

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Decree for plaintiff, defendants appeal.—Re-
versed.

1. Elections—Primary Elections—Contest—Hearing—Mandamus.
—Where a primary election contest is instituted before the
county executive committee, the court's power is limited to
compelling the committee to act when it refuses to hear the
contest; the court being without power to review the com-
mittee's action, or force it to try the case in any particular
manner, or decide it as the court may think proper.

2. Elections—Primary Elections — Contest — Determination.—A
county executive committee having sustained a demurrer to
notice of primary election contest after hearing, the contest
was at an end.

3. Elections—Primary Elections—Contest—Notice—Counting Bal-
lots.—Where a notice of primary election contest did not re-
fer to petitions in certain precincts requesting a recount of
the ballots, and there was no contest pending when the peti-
tions were filed with the chairman of the committee request-
ing such recount, contestant was not entitled to have a re-
count under such petitions in the contest proceeding.

GEORGE D. FLORENCE AND W. S. BURCH for appellant.

ROBERT HARDING and P. M. McROBERTS for appellee.
No briefs.

OPINION OF THE COURT BY JUDGE NUNN—Revers-
ing.

There was a Democratic primary election held in
Lincoln county on the 6th day of February, 1909, for

the purpose of nominating candidates for the county
offices to be voted for at the November election, 1909.
It appears that appellee, Baughman, and appellant
McCarty, were the only persons candidates for the
nomination for the office of sheriff of the county.
This record indicates that they are both unusually
good men and popular in the county, and that each,
with their friends, made a vigorous fight for suprem-
acy.  When the primary was over and the votes
counted appellant McCarty was declared to have re-
ceived 1,095 and appellee Baughman 1,081 legal votes,
and the committee gave the certificate of nomination
to McCarty.  Within the time prescribed by the stat-
utes Baughman gave to his successful opponent a
notice of contest, in which he stated that the officers
of election and the committee had wrongfully counted
more than 200 illegal votes as having been received
by McCarty, and specified 10 or 12 precincts by name
at which they were cast, giving the names of the vot-
ers in each precinct and the reasons why they were
illegal.  McCarty answered this notice of contest by
a counter notice, in which he denied that 200 or any
illegal votes had been cast and counted for him in
the primary, and denied specifically that certain vot-
ers named by Baughman were illegal voters for the
causes named or for any cause.  He agreed with
Baughman that certain other voters named in his no-
tice of contest were illegal voters, but denied specific-
ally that they voted for him, and alleged that
they had voted for Baughman.  He also gave
the names of many other persons, and alleged that
they were illegal voters, and that they voted for
Baughman at the primary election.  He also alleged
that his real majority over Baughman was much
greater than reported by the committee.  The affirm-

ative matter in this notice was denied by reply. The county committee met on a day fixed and adopted rules for the conduct of the contest, and on that day, after adopting the rules, McCarty, by counsel, filed a demurrer to Baughman's notice of contest. Argument of counsel for the parties on this demurrer was commenced before noon and resumed and finished after noon. After the argument, the committee left the courtroom, and went to the circuit court clerk's office to consider and decide the question submitted. After considering the matter, the committee decided, by a vote of seven to five, to sustain the demurrer and dismiss the proceeding; and the chairman alone returned to the court room and announced the result of the committee's action, and all parties then separated, going either to their homes or places of business. There was no effort by either Baughman or his counsel to file an amended notice or pleading. Within a few days after the action of this committee this action was instituted against McCarty and the members of the committee, in which Baughman alleged that the committee had failed and refused to give him a trial of his contest, and asked the court to grant him a mandamus compelling the committee to reassemble and try his contest, alleging that they had failed and refused to do so. He also set forth facts and circumstances which, if true, would have authorized the committee to declare him the nominee of the Democratic party, instead of his opponent, McCarty. The court heard the testimony with reference to the action of the committee, which showed, in effect, the facts related above, and awarded appellee the mandamus. McCarty and the members of the committee prosecute this appeal from that judgment.

There can be no doubt that the committee did meet and act as a body upon appellee's contest by hearing and considering a demurrer filed to his proceeding, which demurrer they sustained and dismissed the contest. This ended the matter in so far as the committee was concerned. This court has no power to review the action of the committee. The court's power in such a case is limited by law to compelling the committee to act when it refuses to hear and determine the contest. The court can not force the committee to try such cases in any particular manner, or to decide it as the court may think proper. The case under consideration is similar to the case of Democratic Executive Committee of Harrison County, Ky. v. Daugherty, 120 S. W. 343, 134 Ky. —, the opinion in which was delivered June 18, 1909. In that case the committee sustained a demurrer to the contestant Daugherty's notice of contest, and he sought a mandamus from the circuit court to compel the committee to reassemble, hear and try his case. The circuit court granted the mandamus and the committee and contestee, Mason, appealed to this court. In the opinion in that case the court said:

"It is conceded by the parties to this litigation that the only question to be determined upon this appeal is whether or not the committee heard and determined the contest between Mason and Daugherty. It is also conceded that the courts have no power to correct the decision of the committee in such a matter, however erroneous it may be. The only power which the courts have is to force the committee to decide, but they can not review their decision."

This is conclusive of the case at bar. See, also, the case of Beasly v. Adams, 118 Ky. 695, 82 S. W. 249, 26 R. 573, and the cases there cited.

Counsel for Baughman contend that, conceding all that we have said to be true, still their client is entitled to have the committee reassemble, open the ballot boxes, and count the ballots in three of the voting precincts for the following reason: That within 10 days after the primary election there was filed with the chairman of the county committee a petition from these precincts signed by 10 per cent. or more of the voters in the precincts participating in the primary election, requesting a recount of the ballots cast in those precincts. The rules governing such matters, which were adopted by the Democratic party in the last state convention, provide, in substance, that in case of a contest the committee shall open the ballot boxes and recount the ballots in those precincts in which at least 10 per cent. of the voters have signed a petition requesting that it be done. The difficulty in the way of appellee, Baughman, is that he did not make these petitions a part of his notice or proceeding. He did not refer to them in any way so as to give the committee notice that he relied upon these petitions to aid him in his contest proceeding; and, further, there was no contest proceeding pending when these petitions signed by the voters of the three precincts referred to were filed with the chairman requesting a recount of the ballots.

For these reasons, the court erred in awarding appellee the mandamus. The judgment of the lower court is reversed and remanded, with directions to dismiss appellee's petition.