IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1921.

### S. G. HEISKELL *v.* S. T. LEDGERWOOD *et al.*

*(Knoxville.* September Term, 1921.)

1. **ELECTIONS.** Supreme court without power to review decision of State Primary Election Board as to contest between candidates for membership of party executive committee.

The supreme court is without jurisdiction to review the action of the State Primary Election Board on a contest between candidates for membership on a state party executive committee, Primary Election Law, Section 29, making the action of the board final and conclusive. (*Post, pp.* 670-674.)

Acts cited and construed: Public Acts 1917, ch. 118, secs. 20, 21.

Cases cited and approved. Beasley v. Adams, 118 Ky., 695; Brewer v. Abbay, 82 Miss., 559; Roussel v. Dornier, 129 La., 930; Staples v. Brown, 113 Tenn., 641.

Cases cited and distinguished: Democratic Executive Committee, etc., v. Dougherty, 134 Ky., 402; Walls v. Brundidge, 109 Ark., 250.

2. **OFFICERS.** State executive committeeman not a public officer.

The position of committeeman on the state executive committee

(666)

Heiskell v. Ledgerwood.

from a congressional district is not a public office, but is a political or party office, the members serving without compensation. (*Post, pp.* 674, 675.)

Case cited and approved: Attorney General v. Drohan, 169 Mass., 534.

3. **ELECTIONS.** Court has no power to compel election board to act when members not joined as parties.

In a proceeding to obtain a review by the court of the action of the state primary election board, on a contest between candidates for membership of a party executive committee at the primary election, the court is powerless to compel the members of the board to act, conceding that they did not determine the contest on its merits; they not being joined. (*Post, p.* 675.)

Case cited and approved: Jones v. Fisher, 156 Iowa, 582.

---

### FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Von A. Huffaker, Judge.

L. D. Smith and Wm. Baxter Lee, for plaintiff.

Mitchell Long and L. M. G. Baker, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

In the primary of August 5, 1920, the four candidates for membership on the Democratic State Executive Committee from the Second Congressional District (two of whom were to be elected) received the following vote:

S. T. Ledgerwood, 3,481; W. N. Hickey, 2,112; S. G. Heiskell, 2,035; and John W. Staples, 1,853.

On August the 25th, 1920, Mr. Heiskell filed with the Chairman of the Democratic State Primary Election Board a petition, in which he contested the right of Mr. Ledgerwood and Mr. Hickey to qualify as members of said committee for the following reasons, to-wit:

"(1) That no nominating petitions containing the required number of signatures nor certified copies thereof as required by sections 20 and 21 of chapter 118 of the Public Acts of 1917, had been filed in Loudon county in behalf of said two candidates whose election he proposed to contest.

"(2) That in certain counties proper ballots were not used.

"(3) That nominating petitions were properly filed for S. G. Heiskell and John W. Staples in all counties of said Congressional District, but that their names were not put on the ballots in certain counties as required by law.

"(4) That up to the date of the filing of the petition no returns of said election had been filed with the county court clerk of Scott county as required by law."

Petitioner also asked that he be awarded a certificate of election as a member of said committee.

On the hearing, on motion of the contestees, Ledgerwood and Hickey, the State Primary Board dismissed said petition upon the ground that said contest had not been commenced within the time provided by the Primary Election Law, chapter 118, Acts of 1917. Thereupon this suit was instituted by Mr. Heiskell by petition

filed in the circuit court of Knox county, in which Mr. Ledgerwood, Mr. Hickey, and Mr. Staples were made defendants. The prayer of the petition was as follows:

"In consideration of the premises petitioner prays that the proceedings of the Democratic State Primary Election Board be transferred and removed to this honorable court, to the end that the same may be reviewed, corrected, annulled and reversed, and that the rights of your petitioner hereinbefore set forth may be heard and determined by the court and to this end that writ of *certiorari* issue requiring that all the records and proceedings of said board be transmitted by the chairman and secretary of the Democratic State Primary Election Board of Commissioners, who are the custodians thereof, to this court, and that process issue to the defendants herein named requiring them to appear and make defense to this petition, and that this honorable court proceed to hear and determine the matters in controversy and deal with the same according to law.

"Answer under oath by the defendant is expressly waived. This is the first application that petitioner has ever made for a writ of *certiorari* in this cause."

Motions to dismiss said petition were filed by the defendants Ledgerwood and Hickey. It is unnecessary to state the grounds thereof. Said motions to dismiss were sustained by the circuit judge, and the petition was dismissed.

On appeal the judgment of the circuit court was affirmed by the court of civil appeals. The case is before us on petition for *certiorari*.

We are of the opinion that we are without jurisdiction to hear and determine the matter here involved. In other words, that the action of the State Primary Election Board is final and conclusive, and is not subject to review by the courts.

Section 29 of the Primary Election Law (Laws 1917, chapter 118) is as follows:

"Be it further enacted, if any contest shall be instituted as a result of the holding of any primary under this act, a candidate or candidates so desiring to contest shall give notice thereof in writing to the chairman of the State Primary Election Board holding said primary election within five (5) days after the said County Primary Election Boards have met and canvassed the returns. Said notice of contest shall likewise be served upon all candidates adversely interested within a like period. In the said notice of contest grounds thereof shall be fully stated, so as to enable the contestants adversely interested to prepare their defense thereto. After the filing of such notice of contest the same shall be considered and passed upon by the said State Primary Election Board, which shall hear and determine such contests and make such disposition thereof as fairness and justice shall require."

The act makes no provision for a review of the action of the State Primary Board by the courts, and the decisions uniformly hold that the finding of the State Primary Board is conclusive.

In 9 R. C. L., p. 1088, it is said: "Ordinarily the primary election laws provide for the manner in which contests shall be determined, and when this is the case the

finding of the statutory authority is conclusive on the party organization within the State."

In 20 C. J., 119, it is stated: "However, statutes relating to primary elections frequently confer the right of contest, and prescribe the procedure to be adopted in the exercise thereof; and the mode of contest so prescribed is exclusive, and is not governed by the general provisions of the Codes of Procedure."

And on page 120 the author says: "Jurisdiction of primary election contests is conferred sometimes on party authorities or committees, and sometimes on officers or official boards. In this case the decision of the party or official tribunal is final and conclusive, and, unless authorized by statute, the courts have no power to review it, provided the tribunal has not acted in excess of its jurisdiction."

In *Democratic Executive Committee, etc.,* v. *Dougherty,* 134 Ky., 402, 120 S. W., 343, it appears that there was a contest over the nomination of circuit court clerk, and it was insisted by the petitioner that the executive committee dismissed the petition without a hearing on the merits. The court said:

"Section 1563 of the Kentucky Statutes of 1909, concerning contests in primary elections, in so far as pertinent thereto, is as follows: 'The duly authorized and constituted committee or governing authority in the county or district in which a primary election may be held hereunder is hereby empowered to count the votes received by all candidates in such primary election, and to declare the candidate or candidates, in cases where candidates for more than one office are to be nominated,

receiving the highest number of votes the nominee of
such political party for the office for which he was voted
for at such primary election.   In all cases of a tie vote
or contest, the committee or governing authority of the
political party holding such primary election shall have
the power to hear and determine such contest, and de-
cide who shall be entitled to the nomination.   The pro-
ceedings in such cases shall be in such form and manner
as the committee or governing authority shall determine
upon.' It is conceded by the parties to this litigation
that the only question to be determined upon this ap-
peal is whether or not the committee heard and de-
termined the contest between Mason and Dougherty.   It
is also conceded that the courts have no power to cor-
rect the decision of the committee in such a matter, how-
ever erroneous it may be.   The only power which the
courts have is to force the committee to decide, but they
cannot review their decision.   The case of *Beasley* v.
*Adams,* 118 Ky., 695, 82 S. W., 249, 26 Ky. Law Rep.,
573, for all practical purposes involved the questions
we have here.   In the opinion, after quoting from section
1563, Ky. St., 1909, the following: 'In all cases of a
tie vote or contest, the committee or governing authority
of the political party holding such primary election,
shall have the power to hear and determine such contest
and decide who shall be entitled to the nomination.   The
proceedings in such cases shall be in such form and
manner as the committee or governing power shall de-
termine upon'—we said:

" 'This makes the decision of the contest committee
final.   The language that the committee shall have the

Heiskell v. Ledgerwood.

power to hear and determine such contests, and decide who shall be entitled to the nomination, precludes the idea that there shall be an appeal. The entire matter is referred to the governing authority of the party for its decision, and this is eminently proper, as the question is purely political. This construction is consonant with sound reason, and any other would violate the elementary canon of statutory construction that the law should not be so interpreted as to make it vain or illusory. Primary elections are held for the purpose of nominating party candidates for the regular State election thereafter to be held for the selection by the whole people of their official servants. The right of political parties to so select their nominees has been deemed sufficiently important to safeguard the official machinery by which the elections are held with the protection of the law; but if, where there are contests over the nominations, the defeated candidates may appeal to the courts, it would necessarily follow that the State election would be held before the contest could be settled, and the political party whose nominees were thus involved in litigation would have no place on the ticket for the offices in question, and the statute rendered abortive.' And again: 'In the case at bar the governing authority of the party has acted upon the sufficiency of appellant's grounds of contest, and rendered a decision adverse to her. This judgment cannot be reviewed by us. Courts will often require officials to act in matters, the decision of which is exclusively within their discretion when they refuse to do so, although they will not review the decision when made, however erroneous it may be.'

144 Tenn.—43

"Applying the principles thus enunciated, we have no difficulty in reaching the conclusion that the committee heard and determined the matter of contest between the rival candidates."

In *Walls* v. *Brundidge,* 109 Ark., 250, 160 S. W., 230, Ann. Cas., 1915C, 980, under a State statute the Democratic State Central Committee had determined a contest for Governor. The court said:

"The Democratic Party, as well as the legislature of the State, has provided a tribunal for hearing the contests of the primary elections, and, it having done so, the decision of such tribunal is final, and cannot be reviewed by the courts."

To the same effect are *Brewer* v. *Abbay,* 82 Miss., 559, 35 South., 153, and *Roussel* v. *Dornier,* 129 La., 930, 57 South., 272, 41 L. R. A. (N. S.), 557.

We have been furnished no authority to the contrary. The only case cited by petitioner is our decision of *Staples* v. *Brown,* 113 Tenn., 641, 85 S. W., 254. That case involved a contest over a public office. It appeared from the petition that the contest was over the office of city attorney of Harriman and in the petition the contestant alleged "that he had been denied the right to exercise the functions and receive the emoluments of this office."

The position of committeeman is not a public office, but is a political or party office, and the members receive no compensation for their services.

In 9 R. C. L., p. 1089, it is said: "Manifestly, membership in a political committee belonging to one party or another does not come within the above description of what constitutes public office, and the fact that the legis-

lature intended by statute to regulate the election and conduct of political committees does not make the office a public one. The members continue to be, as before, officers of the party which elects them, and their duties are confined to matters pertaining to the party to which they belong, and which alone is interested in their proper performance.''

Such was the holding in *Attorney General* v. *Drohan,* 169 Mass., 534, 48 N. E., 279, 61 Am. St. Rep., 301.

In *Democratic Executive Committee, etc.,* v. *Dougherty, supra,* and in *Jones* v. *Fisher,* 156 Iowa, 582, 137 N. W., 940, it was stated that where the power was vested in the executive committee to determine a contest, and they refused to exercise such power, the court by mandamus would compel them to decide the contest. But that is not the theory of the suit. Here the petitioner sought to have the court hear and determine the contest, and the members of the committee were not made parties to the suit, and hence, conceding that they did not determine the contest upon its merits, the court is without power to order them to do so.

The court of civil appeals based its decision upon other grounds than that upon which we have denied petitioner relief. If follows that the judgment of the court of civil appeals will be affirmed as to the result.