## COUGER v. GRIFFIN.
### No. 12427.

Court of Civil Appeals of Texas. Fort Worth. Feb. 14, 1931.

Rehearing Denied March 14, 1931.

McFarlane & McFarlane, of Graham, for appellant.

Fred T. Arnold, of Graham, for appellee.

DUNKLIN, J.

John Vernon Couger instituted this suit against Dr. H. E. Griffin to recover an amount claimed to be due on an open account for fence posts alleged to have been sold and delivered to defendant. The only complaint made on his appeal is of the action of the trial judge in allowing certain offsets and credits which exceeded the account sued on.

The account sued on was for fence posts sold to the defendant by John Couger, who transferred and assigned the account to John Vernon Couger, plaintiff; and the offsets and credits which were allowed the defendant

were held to be chargeable originally against John Couger, and likewise against the plaintiff as his assignee. Those offsets consisted of $2,616.27, money advanced; $241.50, professional services; and $1,590.48, amount due on a promissory note executed by John Couger in favor of defendant.

The account sued on was an unverified open account, and the only answer filed by defendant consisted of a general demurrer, a general denial, and the following special answer:

"And for special answer herein, this defendant denies that he is indebted to John Couger in any sum whatever and says that on the contrary the said John Couger is indebted to him. That if the said John Couger has sold and transferred an account to his son John Vernon Couger against this defendant for the sum of $1772.02, then that said transfer was without any consideration to support it for the reason that this defendant is not indebted to John Couger in any sum and was not indebted to him in any sum whatever at the time of the transfer of said account if there was one. Wherefore, this defendant asks to be released with his costs."

By assignments of error appellant complains of the admission of testimony offered by defendant to prove those credits and offsets for lack of a sufficient pleading by the defendant as a basis therefor. For the same reason appellant also complains of the submission of special issues in answer to which those credits were found by the jury, which were objected to at the time of the trial on the ground stated.

Articles 2014 and 2015, Revised Civil Statutes of 1925, read as follows:

"Art. 2014. When a defendant shall desire to prove payment, counter claim or set-off, he shall file with his plea an account stating distinctly the nature of such payment, counter claim or set-off, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof."

"Art. 2015. Whenever any suit is brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counter claim he may have against the plaintiff, subject to such limitations as may be prescribed by law. The plea setting up such counter claim shall state distinctly the nature and the several items thereof, and shall conform to the ordinary rules of pleading."

We believe it manifest that the special answer filed by the defendant was not a sufficient compliance with the provisions of those articles to warrant and admission of the testimony complained of and the submission of

the special issues based thereon. The special answer could be given no further effect than that of a general denial, as already pleaded. Stark v. Burkitt, 103 Tex. 437, 129 S. W. 343; Scott v. Texas Construction Co. (Tex. Civ. App.) 55 S. W. 37.

■ It is equally clear that appellant was in no position to urge the defense of the statute of limitation to the offsets allowed, because he filed no plea of limitation. Article 5540, Rev. Civ. Statutes.

Other assignments of error will not be discussed, because the errors complained of, if any there be, are not likely to arise upon another trial. In this connection we will further suggest that, while plaintiff's petition is not subject to a general demurrer, we believe it should be amended so as to eliminate therefrom certain evidentiary allegations, which, to say the least, tend to confusion.

For the reasons noted, the judgment will be reversed and the cause remanded.