(35 South. 838.)

No. 15,108.

STATE ex rel. TRAINOR v. ST. PAUL, Judge.*

(Dec. 31, 1903.)

ELECTIONS—STATE CENTRAL COMMITTEE— ELECTION OF MEMBERS—INJUNCTION.

1. Where the Democratic state central committee provided for the election of members of that body at the general state primary, to be conducted by the same commissioners and clerks, the Democratic parish committee had no power to adopt a rule providing, in certain contingencies, for the appointment of additional commissioners "to join in and act with the state commissioners in the conduct of the election and the counting of the votes for member of the state central committee."

2. Relator, a candidate for election as member of the central committee from his ward, has the right to an injunction to restrain the appointment of additional commissioners under said rule.

(Syllabus by the Court.)

Application by the state, on the relation of Robert Trainor, Jr., for writs of mandamus, certiorari, and prohibition to John St. Paul, judge of Division C, civil district court for parish of Orleans. Writ granted, and judgment below vacated.

Robert John Maloney, for relator. Hugh C. Cage and James Clark Henriques, for respondent.

LAND, J. In the court a qua relator, representing that he was a candidate for the office of member of the state central committee from the First Ward of the city of New Orleans, brought suit against the Democratic committee of the parish of Orleans and the executive committee of the Democratic state central committee to set aside and avoid rule 3 of the official rules of said parish committee, providing in certain contingencies for the appointment of additional commissioners to serve at the election of members of the Democratic state central committee.

Relator charged that the action of the said parish committee was in direct violation of law, illegal, null and void, and works him irreparable injury.

Relator further represented that he had protested in vain against the action of said parish committee, and relief was refused; and that thereupon he had appealed to the executive committee of the Democratic state central committee, and his appeal had been dismissed.

The allegations of the petition are leveled against the power of the parish committee to make additional rules for the election of members of the state committee, and more especially against its power to increase the number of commissioners prescribed by the

*Rehearing denied February 1, 1904.

primary law of 1900. It appears that the state committee provided for the election of members of the committee at the general primary election to be held on January 19, 1904, for the nomination of state officers, and by the same commissioners and clerks.

The parish committee, by rule 3, provided, on the presentation of a petition signed by a certain number of voters, for the appointment of additional commissioners to assist in conducting the election of members of the state committee and in counting the votes.

The district judge declined to issue the injunction prayed for, and dismissed the suit on an exception of no cause of action.

The judge a quo seems to have been of opinion that the parish committee had no authority to enact rule 3, but at the same time was of the opinion that Act No. 133 of 1900, p. 203, known as the "Primary Election Law," had no application to elections for members of the state committee or other positions within the party.

Conceding this position to be correct, the question still remains as to the legality of the action of the parish committee.

Assuming that the central committee had power to provide for the election of members of said committee at the same time and place and by the same commissioners provided for the Democratic state primary, it is difficult to conceive whence the parish committee derived the power to add to the number of the commissioners as far as the election of members of the state committee is concerned.

Rule 3 provides that: "Such commissioners so appointed shall join in and act with the state commissioners in the conduct of the election and the counting of the votes for member of the state central committee cast in the box provided for such candidate." Under rule 3 every candidate for membership in the state committee might have a special commissioner representing him at every precinct in the ward, with the same powers as the regular commissioners. These additional commissioners might make a majority and virtually control the election as to members of the central committee. Improper persons—that is, such as are not authorized by law—should not take part in the conduct of elections. Some courts hold that such in-terference will vitiate the election; others hold that it is a strong suspicious circumstance, to be repelled only by proof that there was no fraud. 10 Am. & Eng. Ency. Law (2d Ed.) p. 673.

We are of opinion that plaintiff was entitled to his remedy by injunction. He has no practical remedy except a resort to the supervisory powers of this court.

It is therefore ordered and decreed that the judgment rendered below be vacated, that the writ of prohibition issue as prayed for, and that the respondent judge be ordered to grant the preliminary writ of injunction as prayed for; respondent to pay the cost of this proceeding.

PROVOSTY, J., recused.