Case 35.—ACTION BY HENRY M. WHITAKER AGAINST GEO.
  W. SWANNER AND OTHERS FOR A MANDATORY IN-
  JUNCTION TO COMPEL THE CLERK OF THE LAUREL
  COUNTY COURT, TO PLACE PLAINTIFF'S NAME UNDER
  THE "LOG CABIN" AS THE REPUBLICAN NOMINEE FOR
  SHERIFF OF LAUREL COUNTY.—October 20.

## Whitaker v. Swanner, &c.

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for defendants.  Plaintiff appeals.  Af-
firmed.

1. Primary  Elections—Contest—Mode  of  Settlement—One  who
   as a candidate for a party nomination at a primary election
   claiming to have been illegally deprived of the nomination
   by the wrongful acts of the governing authority of the party,
   must, if relief is sought, resort to the remedy provided by
   statute, sec. 1563, which allows the right of contest before
   the governing authority of the party.
2. Same—Therefore, in this action by appellant for a mandatory
   injunction to compel the county clerk to place his name on
   the official ballot as a candidate for sheriff, a demurrer to
   the petition was properly sustained, the circuit court having
   no jurisdiction of the matter.
3. Same—Bribery in Elections—Tribunal in Which Offender May
   be Punished—The question as to whether one was guilty
   of bribery in connection with the primary election can not
   be collaterally inquired into in an action in the circuit court
   as above indicated, but can be determined in a direct pro-
   ceeding and trial by jury under indictment.

JAMES SPARKS and D. K. RAWLINGS for appellant.

There are two reasons, as we think, stated in the petition why
the clerk should not be allowed to place the appellee, Swanner's,
name upon the ballot:

    1. According to the petition he obtained his certificate of
nomination by the use of money and whisky.

2. He stands, confessing that he is guilty of bribery, and if guilty of bribery, under our statute, he is excluded from office and suffrage.

To hold that this petition is not good would be, in effect, saying that one who desires to run for office could obtain his certificate of nomination wholly by the use of money and other corrupt means, and the voter would be compelled to vote for such person, or vote under some other device. (Ky. Stats., secs. 1586, 1587; Constitution, sec. 151; 97 Ky., 27; 23 Ky. Law Rep., 1104.)

OPINION BY JUDGE SETTLE—Affirming.

This action was instituted by the appellant, Henry M. Whitaker, in the Laurel Circuit Court to compel by mandatory injunction the clerk of the county court to remove from under the "log cabin" device of the Republican party, on the poll books to be used at the approaching November election, the name of appellee, George W. Swanner, as the Republican nominee for sheriff of Laurel county, and place in lieu thereof the name of appellant as such nominee of the party. It is averred in the petition that a primary election was held in the county December 17, 1904, by resolution and call of the Republican party committee to nominate Republican candidates for county offices; that appellant and appellee Swanner were candidates before and in such primary election for the Republican nomination for the office of sheriff, and both were voted for; but that the Republican county committee, after canvassing and counting the ballots cast in the primary election, wrongfully found that appellee Swanner had received a majority of the votes cast, illegally declared him the Republican nominee for the office of sheriff, and gave him a certificate to that effect, by means of which he secured, as such nominee, the position under the Republican device upon the ballots for use at the November election, 1905. It is further averred in the

petition that appellant received more Republican
votes in the primary election than appellee Swanner,
and that the apparent majority of the latter was in
large measure made up of Democratic votes cast in
four of the election precincts of the county for him,
and which were illegally counted for him, and that
the primary election as to these four precincts should
have been declared void by the county committee,
or they should, in canvassing and estimating the
vote, have thrown out and refused to count the
Democratic votes cast therein.   It was also averred
in the petition that many of the votes received by
appellee Swanner were purchased by him and for
him with money and whisky, for which reason they
should not have been counted, and, in addition, that
appellee by such purchasing of votes violated the
election laws, disqualified himself for the office of
sheriff, and forfeited his right to hold the same, if
elected, on account of which the county committee
should have refused to declare him the Republican
nominee, and the county clerk should have refused
to place his name on the ballots to be voted for as
such at the approaching November election.   The
county court clerk, F. P. Elliott, and George W.
Swanner, were by the petition made defendants in
the action, and together they filed special and gen-
eral demurrers to the petition.   The special demur-
rer questioned the court's jurisdiction; the general
demurrer, the sufficiency of the petition.   Both de-
murrers were sustained, and, appellant refusing to
plead further, the action was dismissed.

It will be observed that the petition concedes that
the primary election was duly called by the Republi-
can county committee, which is the governing au-
thority; that it was held by officers of their appoint-
ment; and that, following the holding thereof, the

county committee received, canvassed and counted the votes, whereby they found and decided that the appellee, George W. Swanner, had received a majority of the votes cast, declared him the Republican nominee for the office of sheriff, and gave him a certificate to that effect, by virtue of which his name was placed by the county court clerk with the Republican ticket under the party device on the ballots provided for use at the succeeding November election, as the Republican nominee and candidate for the office of sheriff of Laurel county. A primary election. for nominating party candidates for office may be held by direction of the governing authority of such party, but to be lawful it must be conducted as provided by the statute of this State on that subject. (Brown v. Rep. Ex. Com., 119 Ky., 720, 68 S. W., 622, 23 Ky. Law Rep., 2421; Young v. Beckham, 115 Ky. 246, 24 Ky. Law Rep., 2135, 72 S. W., 1092, 1094; Mason v. Byrley, 84 S. W., 767, 26 Ky. Law Rep., 487; Beasley v. Adams, 82 S. W., 249, 26 Ky. Law Rep., 573; Henry v. Secrest, 114 Ky., 677, 24 Ky. Law Rep., 1505, 71 S. W., 892; Taylor v. Dem. Com., &c., 87 S. W., 782, 27 Ky. Law Rep., 1041, 120 Ky., 672.) The petition of appellant fails to allege that the primary in question was not conducted as required by the statute.

All the authorities, supra, hold that when one who was a candidate for a party nomination at a primary election claims to have been illegally deprived of the nomination by the wrongful acts of the governing authority of the party, either in the manner of conducting the election or in ascertaining and determining the result, he must, if relief is sought, resort to the remedy provided by Ky. Stats. 1903, sec. 1563, which allows the right of contest before the governing authority of the party, who shall thereupon de-

cide which, if either, of the parties to the contest is entitled to the nomination; and it has been repeatedly held by this court that such decision of the governing authority of the party can not be reviewed or set aside by the courts. (See authorities, supra.) It does not appear from the averments of the petition that appellee Swanner's right to the nomination in question was contested before the county committee by appellant. Such a contest was his only remedy, and, having failed to pursue that remedy, he can not, as here attempted, assert in the circuit court claim to the Republican nomination for sheriff, as that tribunal has no jurisdiction of the matter. Consequently the demurrer to jurisdiction was properly sustained.

We think the circuit court was also without jurisdiction to determine in this action the further question raised by the petition, viz., that in securing his nomination by the purchase of votes with money and whisky appellee Swanner disqualified himself for holding the office of sheriff, if elected, and forfeited his right to the nomination. If he secured votes at the primary election by bribery, and appellant in a contest before the county committee had made proof of that fact to the satisfaction of the committee, it would have been their duty to determine to what extent the fairness and validity of the primary was affected thereby, or whether appellee Swanner should have been refused the nomination as the Republican candidate for sheriff by reason thereof. The question of whether or not he was guilty of the offense of bribery in connection with the primary election can not be collaterally inquired into, as here attempted, but can be determined in a direct proceeding and trial by jury under indictment. (Commonwealth v. Jones, 73 Ky., 725.)

As appellant's right to have his name placed on the ballots and under the Republican party device is dependent upon whether he received at the hands of his party the nomination for the office of sheriff at the primary election, and the statements of his petition make it certain that the governing authority decided and declared that appellee Swanner was, in that election, nominated by the Republican party as their candidate for that office, it follows that the general demurrer to the petition should have been sustained, and the action dismissed, as was adjudged by the lower court.

Wherefore the judgment is affirmed.