LAND, J.
Relator and Joseph B. Dornier, of the parish of St. James, filed with the chairman of the Democratic parish committee their respective notifications of their intention to become candidates at the next ensuing primary election for the Democratic nomination for the office of sheriff of said parish. Relator filed his protest before said committee against that body receiving or filing the said notification of Dornier, and against his name being printed on the tickets to be distributed by said committee at said primary election,, on the ground that said Dornier, having acted as a deputy registrar of voters in and for the parish of St. James, was prohibited from becoming a candidate by the provisions of Act 98 of 1908, reading as follows, viz.:
“The registrar of voters and Ms clerks appointed under the provisions of this act shall be bona fide voters of the parish, and shall not be eligible to any elective office, state, parochial or municipal, during their term of office and for three months after the expiration thereof, or after their resignation, if they should resign.”
The Democratic parish committee by a majority vote refused to consider the protest of the relator. Thereupon the relator filed a petition in the twenty-seventh judicial district court for the parish of St. James reciting the facts, and applying for writs of injunction, prohibiting said committee and the members thereof from allowing said Dornier to become a candidate and from printing his name on the ballots to be used at the next primary election for the Democratic nomination for sheriff of said parish; and praying that said injunction be perpetuated, and the action of the committee in the premises be vacated and annulled. For answer to a rule nisi, Dornier and the majority, members of the committee excepted on the ground that the court was without jurisdiction ratione materise; and, under reservation, excepted that the petition disclosed no right or cause of action; and, under further reservation, that the provisions of the act of 1908, above quoted, are unconstitutional.
Our learned Brother below sustained the exception to the jurisdiction of his court in the premises.
Thereupon the relator instituted the present proceedings to compel the respondent judge to entertain jurisdiction of his injunction suit, and to grant the injunction as prayed for therein by the relator.
As part of his answer, the respondent judge has annexed the written reasons assigned by him for refusing the application of the relator for a preliminary injunction. The judge held that there is no provision of the primary laws that empowers or requires a party parish committee to pass upon the eligibility of candidates for nomination; or that authorizes the courts to declare ineligible a person who has applied in due form, at the proper time and to the proper authorities, to become a candidate for nomination. The judge cited State ex rel. Trosclair v. Parish Committee, 120 La. 620, 45 South. 526; State ex rel. Burke v. Foster, 111 La. 940, 36 South. 32, and other authorities.
The only question at issue before us is the question of jurisdiction. It is conceded by *933 counsel for relator that the primary laws confer no authority on the courts to interfere in a ease of this kind. But it is argued with great earnestness that the relator is entitled to an adequate remedy by due process of law under article 6 of the Constitution of 1898; and that article 109 of the same instrument gives the country district courts jurisdiction in all cases where the title to office, or other public position, or civil or political rights, are involved.
In the Trosclair Case, supra, it was held that the functions of a parish committee, under the compulsory primary law of 1906 (Act No. 49 of 1906) in respect to written notifications of candidacy, are purely ministerial, and that such committee was without jurisdiction to question the truth of the declaration of an applicant that he was a member of the Democratic party. The court said, inter alia, that:
“The act confers no jurisdiction whatever on any person or committee to refuse to receive or to vacate any application made in due form under the statute.”
It necessarily follows that the particular ground of ineligibility urged by the protestant is immaterial. If the functions of the Democratic parish committee are ministerial, it follows that said committee had no jurisdiction to hear and determine the protest made by the relator. We see no good reasons to overrule the docrine of the Trosclair Case. If the committee had no'such jurisdiction, it is evident that the district court is without power to compel the committee to bear and determine the protest of the relator. There is no provision in the primary law for an • appeal to party committees or to the courts, until after the promulgation of the result of the primary election. Trosclair Case, 120 La. 625, 45 South. 526. The statutory remedy of an aggrieved candidate is by protest filed with the chairman of the committee ordering the primary, within five days after the promulgation of the returns; and by appeal to the courts from an adverse decision of the committee. Section 25, Act No. 100, 1908. In State ex rel. Burke v. Foster, Judge, 111 La. 939, 36 South. 32, the court after citing 10 A. and E. Ency. Law (2d Ed.) pp. 660, 661, said:
“Hence, as far as party nominations are' concerned, the decision of disputes rests with the party whose nomination is claimed. The Legislature may invest jurisdiction in certain public officers or the courts. If such jurisdiction be not vested, the decision rests with the party, and the courts cannot interfere in the matter.”
In the same case, it was held that article 109 of the Constitution of 1898 did not apply to party nominations.
In the case of State of La. v. Judge, 13 La. Ann. 89, the court said:
“The contesting of votes is not a judicial function, only so far as made such by special statutes. Indeed some may have gone so far as to question whether this -is not wholly a matter of administration which cannot with propriety be referred to the judicial tribunals at all. At any rate it is clear that such tribunals cannot usurp any greater control over this business than is specially imposed on them by law. In the absence of a statutory authorization, they are without jurisdiction of the matter, ratione materias.”
This case affirmed the general rule that “courts of equity, have no inherent power to try contested elections” (15 Cyc. 397); and its doctrine has been uniformly followed by the Supreme Court of this State. See Collin v. Knoblock, 25 La. Ann. 263; State ex rel. Moncure v. Dubuclet, 28 La. Ann. 703; State ex rel. Woodruff v. Police Jury, 41 La. Ann. 846, 6 South. 777. The reason underlying these doctrines applies with greater force to party government and nominations, the general rule as to which has been stated as follows:
“In the absence of any statute giving them jurisdiction, the courts have no power to interfere with the judgments of the committees and tribunals of established political parties in matters involving party government and discipline.” 15 Cyc. 330.
The same rule applies to primary election laws. 15 Cyc. 332.
Considering that articles 16 and 17 of the *935 Constitution of 1898 divide the government into three distinct departments, legislative, executive, and judicial, and forbid each department from exercising powers properly belonging to either of the others, it may be presumed that the lawmaker in the enactment of articles-6 and 109 referred to cases within the inherent powers of the courts.
It is therefore ordered that the relator’s application be dismissed, with costs.