## BROWN v. BRANSON.

No. 19693.   Opinion Filed Sept. 8, 1928.

Malcolm E. Rosser and T. L. Blakemore, for contestant.

E. B. Hughes, George H. Jennings, and W. A. Barnett, for contestee.

R. K. Robertson and V. P. Crowe, Asst. Atty. Gen., amici curiae.

(Branson, C. J., and Phelps, Lester, and Hunt, JJ., having voluntarily certified their disqualifications in the case, the following members of the bar were duly appointed by the Governor and qualified as Special Justices: Leon C. Phillips, of Okemah; Porter H. Morgan, of Oklahoma City; W. F. Semple, of Durant; J. H. Maxey, of Tulsa.)

MORGAN, Special Justice.   This is an appeal from a judgment of the State Election Board dismissing the contest of W. H. Brown, wherein he seeks to prevent the State Election Board from issuing certificate of party nomination to Fred P. Branson as candidate of the Democratic party for the office of Justice of the Supreme Court from the Seventh Supreme Judicial District of the state of Oklahoma.   This action was commenced by the filing of a pleading designated as "Challenge to the Correctness of Announced Results of the Primary Election held August 7, 1928," which said challenge was filed with the Secretary of the State Election Board on the 15th day of August, 1928.   The said challenge, among other things, states that it is filed "pursuant to the provisions of chapter 63, being Senate Bill No. 324 of the Acts of the Eleventh Legislature of Oklahoma." After the filing of said challenge notice was given by the State Election Board that a hearing would be had at Oklahoma City on the 22nd day of August, 1928, at which time contestant, W. H. Brown, designated herein as petitioner, and contestee, Fred P. Branson, designated herein as respondent, both appeared with their attorneys, and after some hearing before the State Election Board the hearing was continued to be completed at the city of Sapulpa, Okla., on the 23rd day of August, 1928.   Duly certified transcripts of the pro-

ceedings of said meetings constitute the record now before this court.

In the challenge above referred to contestant charges that at the primary election held on the 7th day of August, 1928, the contestant and contestee, together with three other persons, were candidates in the Democratic primary election in the Seventh Supreme Judicial District of the state of Oklahoma for the office of Justice of the Supreme Court for that district. The district is composed of Muskogee, McIntosh, Creek, Okmulgee, Lincoln, and Okfuskee counties. Contestant further charges that the unofficial returns from these counties gave the contestee, Fred P. Branson, a plurality of votes in this race. Contestant sets up in his challenge the number of votes cast for himself, the contestant, and for Fred P. Branson, contestee, as shown by the returns on file in the office of the State Election Board, and thereafter sets up the number of votes he claims to have been cast for him and not properly certified by the returns from precinct officials in Creek county. Contestant further charges various elements of fraud against the county election board of Creek county, which fraud is alleged to have caused the defeat of said contestant, W. H. Brown, in said primary election. The transcripts show no complaint by either party as to the procedure of service of notice, and the appeal comes here upon the order made by the State Election Board in Sapulpa on the 23rd day of August, 1928.

In that hearing, contestant introduced evidence in support of his allegations of fraud, but did not introduce evidence in support of the allegations of his challenge to the correctness of the announced results, and at the conclusion of his testimony a demurrer was presented by the contestee and sustained by the State Election Board.

Contestant presents in his petition in error eleven grounds, but consolidates them all by saying: "The main question for the court to determine is what is required of a contestant in a primary election to get a recount of the ballots." However, as his challenge sets out two specific grounds: First, that there was error in the tabulation of the count of votes in all of the precincts in Creek county; second, that there was fraud committed by the election officials of Creek county, this court will consider both of said objections in this opinion.

1. With respect to the question of fraud charged by contestant in his challenge, we think it sufficient to say that the evidence is clearly insufficient to sustain this allegation of the contest. In the hearing had

at the State Capitol on August 22, 1928, counsel for the contestant disclaimed any intention of proving charges of fraud against the precinct election officials in the precincts in Creek county set out in his challenge, as shown by the following statement made by Mr. T. L. Blakemore, representing the contestant, in answer to an offer of contestee to furnish him the precinct election officials of many of the precincts of Creek county:

"If the board please, may I say this, as I started out awhile ago; I don't accuse any evil motive to any of these people. * * * I told you a while ago I was directing my case against the election board."

The following day, at Sapulpa, Mr. Blakemore again made this statement:

"If the board please, this is for the purpose of impeaching the returns and impeaching the acts of the county election board. We have not, and counsel knows it, charged any of these precinct officials with fraud. We say that by design or mistake, * * * we do think there was design, in some instances, so far as the county officials are concerned, but our charge is leveled against the county election board with the exception of Mr. * * * We do not charge that this gentleman has anything to do with the irregularities, Mr. Reinhart. We are charging irregularities against the remainder of the county election board, and there is where our charges are, and we seek to show the irregularities and show the irregular manner in which this final vote was made up and that is the purpose for which we offer this."

In addition to this, the brief of contestant filed herein does not claim that the evidence shows any of the precinct election officials were guilty of any fraud, and the oral argument of counsel for the contestant contains practically the same statement, so that with reference to the issues of fraud we are left to determine whether or not such issue is substantiated by the evidence against the two Democratic members of the county election board of Creek county. The court has carefully examined the evidence introduced in support of these allegations, and is of the opinion that the evidence offered was wholly insufficient to sustain any charge of fraud against the two Democratic members of the county election board of Creek county.

The conclusion reached with reference to the matter of fraud is borne out by the provisions of chapter 100 of the Acts of the Eleventh Legislature. Session Laws 1927, pages 161-162, which provide in detail how the returns from the several precincts in races affecting state or district officers shall be made to the State Election Board. A part of that chapter is as follows:

"Each certificate shall be signed by each of the four counters and sworn to before the inspector of the elections, and when properly certified and sworn to shall be prima facie evidence of the correctness of the precinct vote. One of said certificates so signed and sworn to shall be kept by the inspector of elections, one shall be filed with the county clerk of the county at the time the ballot boxes are returned and delivered to the county election board, and such certified copy shall become a permanent public record in the office of the county clerk, and shall not be removed therefrom. Within one hour after the count is completed, the election inspector shall cause one copy of such certificate to be posted in a public place immediately outside of the polls for public inspection: he shall seal one copy of the duplicate certificate of the votes of candidates whose names appear upon the state ballots in an envelope in the presence of the said counters and forward immediately, by registered mail, to the State Election Board, and the other two copies shall constitute the returns." Sec. 1.

It was shown at the hearing before the State Election Board that from 63 of the 67 precincts the returns to the State Election Board had been sent in as provided by the part of chapter 100 quoted supra. No evidence was introduced to show any irregularity in the remaining four precincts of Creek county. The proof necessary to be produced by a contestant under the fraud theory as provided in chapter 63 would have to be such proof as would overcome the prima facie evidence of the correctness of the returns made and sworn to by the counters in each precinct. Logan v. Young, 121 Okla. 203, 249 Pac. 369.

We do not believe that it is or could be seriously contended that the evidence offered on this proposition meets with the requirement above.

With reference to the challenge on the ground of securing a recount, and for the purpose of determining the requirements of a contestant in a primary election to get a recount of the ballots, we will first discuss section 6107, C. O. S. 1921. It reads as follows:

"Any candidate in a primary election may challenge the correctness of the announced result thereof by filing with the county election board, whose duty it is to canvass the returns in such race, a verified statement setting forth a state of facts which, if true, would change the result in his favor; and thereupon it shall be the duty of such board to inspect and count the ballots questioned by such candidate within ten days after he has filed his affidavit. Such board shall, upon the conclusion of such recount. proceed to certify the result."

This challenge cannot be determined by the provisions of section 6107, supra, for the evident reason that the challenge was not brought under that provision, it being specifically stated that it was brought under the provisions of chapter 63, Session Laws 1927. Contestant did not seek the relief provided in that section and filed no protest or challenge before any county election board, that being the only method by which relief can be secured under said section. However, since contestant did not bring his proceeding under section 6107, supra, but specifically brought the same under chapter 63, we might decide this case against the contestant without determining whether or not section 6107, supra, is repealed.

The claim is made by the contestant that the provisions of said section should be read into chapter 63, Session Laws 1927. Chapter 63 is entitled "An Act providing grounds for contest for primary and general elections, prescribing procedure, and declaring an emergency." This act was approved on March 30, 1927, and, having the emergency clause attached, went into effect that day. The vital sections of that act necessary for consideration in determining the questions raised in this appeal are sections 1, 2, 3, 9, and 14. These sections of chapter 63 are as follows:

"Section 1. Neither the right to a certificate of party nomination, nor the right to certificate of election, shall be considered a property right to any extent whatsoever, unless and until such right to such certificate shall be determined and such certificate issued as hereinafter provided.

"Section 2. No certificate of party nomination or certificate of election shall be issued by the county election board within a period of 10 days following any primary or general election, within and for such county, and no certificate of party nomination or certificate of election shall be issued by the State Election Board until after the expiration of 10 days from the date of such primary election. as to any party nomination or election to state office or any other office over which the State Election Board may now or hereafter have jurisdiction.

"Section 3. Any candidate for party nomination to county office may, at any time within 10 days from the date of the primary or the general election, file with the county election board his or her challenge of the correctness of the announced results of said primary or general election by filing with the county election board, whose duty it is to canvass the returns in such race. a verified statement setting forth a state of facts which, if true. would change the result in his or her favor: or setting forth a state of facts showing that fraud has been

committed in connection with such nomination or election, or both, which, if sustained, would affect the result of the election and change the same in favor of the contestant."

"Section 9. Upon the completion of service, as aforesaid, the county election board, in case of a contest for county office, and the State Election Board, in case of a contest for state or district office, shall set such contest down for a day certain for hearing, same to be not more than 5 days from the date of the completion of such service, and same shall be heard and considered by such election board on the date so assigned, or upon a legal adjournment thereof without further notice, and, at which hearing, the parties in interest may, without further pleading, offer such legal evidence in support of and in opposition to such contest as they may have to offer, and upon the completion of such hearing, the election board shall render its decision; and such decision shall be final and conclusive of all rights involved, unless an appeal shall be taken as hereinafter provided. Either party to such contest shall have the right of appeal as follows: * * *"

"Section 14. Provided, that in contest for party nomination for district or state offices or election thereto, where a recount of the votes in any county shall be required, or fraud shall be charged as to any given county or counties, as to the election proceedings in any such county, or counties, the State Election Board shall have the right and authority to refer such contest to the county election board of each county involved, for the purpose of taking all testimony to be submitted and considered in connection with such contest as to such counties respectively and to make and submit findings thereon in due course to the State Election Board, and, when such reference is made, it shall be the duty of the State Election Board to transmit to the county election board or boards involved in such contest a certified copy of all proceedings incident to the contest involved and without further notice to assign same for hearing before such county election board or boards, on a day certain in each county involved and notify each of said county election boards of such assignment and same shall be heard by them accordingly, and, at the conclusion of such hearing, such county election board shall return all such proceedings together with its findings to the State Election Board for final consideration, and thereupon the State Election Board shall at once enter its final order thereon, from which an appeal may be taken to the Supreme Court of the state, as hereinbefore provided."

The other sections of the chapter relate to matters of service upon opposing parties and various matters of procedure not necessary to be discussed herein.

It is the contention of the contestee that the provisions of chapter 63 repeal the provisions of section 6107, C. O. S. 1921, and it is the contention of contestant that the provisions of section 6107 should be read into section 3 of chapter 63, and that said chapter 63 should be interpreted accordingly.

It will be observed that section 6107, C. O. S. 1921, provides that in case one of the parties to a primary election shall desire a recount of the ballots he shall file with the county election board a verified statement setting forth a state of facts which, if true, would change the result in his favor, and that on the filing of such verified statement it became the duty of such board to inspect and count the ballots questioned by such candidate within ten days after he had filed his affidavit, and that upon a conclusion of such recount said board should proceed to certify the results.

Under the provisions of chapter 63, supra, any candidate for party nomination to a state or district office may challenge the correctness of the announced results by filing within ten days after the date of the primary a verified statement setting forth a state of facts which, if true, would change the result in his favor. Upon the completion of service as provided in said act, it is further provided therein that with reference to a state or district office the State Election Board should set such contest down for hearing on a day certain and that the same should be considered and heard by the State Election Board on the date so assigned. At such hearing the parties interested may offer such legal evidence in support of or in opposition to such contest as they may have to offer, and upon the conclusion of such hearing the election board shall render its decision, which decision shall be final unless an appeal is taken as provided in said chapter 63.

In the case at bar, after the challenge was filed by contestant, notice was given and the hearing above referred to was had before the State Election Board. The contestant claims that it was unnecessary for him to introduce any evidence tending to show there was an error made in the count as conducted by the precinct election boards in Creek county, and that he was entitled to have the ballots cast in Creek county recounted by merely filing an affidavit that there was error in such count. It is the contention of contestee that evidence must be presented by the contestant to the State Election Board which must overcome the presumption in favor of the correctness of

the precinct returns before the State Election Board would be authorized to make an order directing the county election boards to recount the votes.

In determining which of these contentions are correct, we must look to the provisions of said chapter 63. At common law any candidate for the nomination of a politial party for public office had no right of contest. Jarman v. Mason, 102 Okla. 278, 229 Pac. 459. The method prescribed by statute is exclusive. Whitaker v. Swanner (Ky.) 89 S. W. 184; Roussel v. Dornier (La.) 57 South, 272, also reported in 41 L. R. A. (N. S.) 557.

It will be observed that section 1 of chapter 63, supra, necessarily precludes any contest in either primary or general election except as is specifically provided in the remainder of said chapter 63. The language of section 1, by saying that

"Neither the right to a certificate of party nomination nor the right to a certificate of election shall be considered a property right to any extent whatsoever unless and until such right to such certificate shall be determined and such certificate issued as hereinafter provided"

—necessarily precludes any other interpretation of the purpose of said act. It assumes to and does provide the conditions, procedure, and effect of contests under said chapter. It assumes to and does cover the entire field of contests in primary and general elections.

It is a settled rule in this jurisdiction that an act that covers the entire field repeals all former statutes on the same subject. Smock v. Farmers Union State Bank, 22 Okla. 825, 98 Pac. 945; Garnett v. Goldman, 39 Okla. 516, 135 Pac. 411; MaHarry v. Eatman, 29 Okla. 46, 116 Pac. 935; Henly v. Davis, 57 Okla. 45, 156 Pac. 337.

Following this rule, we must hold that section 6107, supra, was repealed by the Act of March 30, 1927, herein referred to as chapter 63. Counsel for contestant, however, contends that he is entitled to a recount upon the mere filing of the challenge, under the terms of chapter 63, and in support of this contention he lays considerable emphasis upon the words "if true" found in section 3 of the above act, and which words are used in connection with the filing of a verified statement setting forth a state of facts which "if true" would change the results, and upon the words "if sustained", used in connection with the filing of a verified statement setting forth a statement of a fact of fraud; and also places considerable emphasis upon the part of section

14 of said act which provides, in part, as follows: "Provided, that in contest for party nomination for district or state offices or election thereto, where a recount of the votes in any county shall be required, or fraud shall be charged," etc. We are unable to agree with counsel that the sections referred to would entitle him to a recount merely upon the filing of the affidavit. We believe that section 9 of the act expressly negatives the idea that the contestant would be so entitled. This section, among other things, provides:

"Upon the completion of service as aforesaid, the county election board in case of a contest for county office, and the State Election Board, in case of a contest for state or district office, shall set such contest down for a day certain for hearing, same to be not more than 5 days from the date of the completion of such service, and same shall be heard and considered by such election board on the date so assigned, or upon a legal adjournment thereof without further notice, and, at which hearing, the parties in interest may, without further pleading, offer such legal evidence in support of and in opposition to such contest as they may have to offer."

Further, it will be noticed that section 3 of this act is practically identical with section 6107 except that it leaves out that part of section 6107 which provides that the contestant shall be entitled to a recount upon the filing of the affidavit or challenge as a matter of right. It appears that, in this revisory and substitute statute, if the Legislature intended to give a contestant the right to a recount upon the mere filing of a challenge, it would have said so, and by reason of having omitted the latter part of section 6107 above referred to, it expressly intended to change the rule heretofore in effect. Section 6107 made it compulsory by fixing no time in which to file a contest that the contestant should file the affidavit before the returns were sent to the State Election Board.

In chapter 63, a more orderly and satisfactory procedure was provided. In chapter 63, a period of 10 days was fixed in which no certificate of nomination or election could be issued. In that time, it seems the Legislature intended that an aggrieved candidate could secure the facts and evidence necessary to present to the county or State Election Board upon which he would rely in his contest. This interpretation of the language of the act is supported by the fact that this court had, prior to the passage of chapter 63, supra, adopted the rule in the case of Logan v. Young, 121 Okla. 203, 249

Pac. 369, wherein it was held that a contestant in an election case was not entitled to a recount of the ballots until he had offered evidence which would reasonably tend to overcome the presumption of the legality and correctness of the returns made by the precinct election officials. It also appears to us that if it was the intention of the Legislature to give a contestant the right to a recount without the introduction of any testimony in support of his charge and to give him the recount upon the mere filing of an affidavit, they would not have provided in section 9, supra, for the setting of such matter for hearing on a day certain and provided in said section that upon such hearing either party might offer legal evidence in support of and in opposition to such contest as they might have to offer.

It further appears that this interpretation is borne out by the provisions of section 14 of chapter 63, supra, where it is provided that where a recount of the votes in any county shall be required, the State Election Board shall have the right and authority to refer such contest to the election board of such county involved, for the purpose of taking all testimony to be submitted and considered in connection with such contest. The word "required" could not possibly be construed to mean that it should be required by the contestant, but rather required by the State Election Board after the hearing provided for in section 9. In other words, it would seem that the provisions of section 14 would come into force when the State Election Board, having heard the evidence in pursuance of section 9, should decide that a recount of votes in any county should be required, and this section 14 gives the State Election Board the right and authority to refer the matter to the county election board for a recount of ballots. In the affidavit, the allegations or charges in the contest preferred by the contestant shall be supported by evidence taken in pursuance of section 9. The measure of evidence required will be hereafter referred to.

Having reached the conclusion that under the law of the state as it now exists, the contestant is not entitled to a recount of the ballots upon the mere filing of his verified challenge, but that he must offer evidence in support thereof, the next question presented is what degree of proof is necessary to authorize the election board to order a recount.

As an instance of proof necessary to be offered on hearing before election boards, we call attention to the case of Gay v. Johnson, 121 Okla. 298, 249 Pac. 943. The contestant at the trial of the case called as a witness an inspector of one of the precincts in that county and offered in evidence that at such precinct when the ballot had been stamped under the party emblem and the voter in addition had crossed and stamped in front of one of the names of the candidates of another party, that the precinct board had counted such ballot as voted for the entire party ticket under which the voter had stamped and the inspector testified that in his judgment between 20 and 30 ballots had been so counted. Contestant also produced a watcher who testified to substantially the same facts. The court held that this was sufficient to justify a recount of the votes in that precinct, such evidence showing that there had been a mistake in counting the ballots which clearly justified a recount.

In the case at bar there is no evidence showing a mistake in the calling or the counting of the ballots or in certifying the returns from the precincts in Creek county. We hold that a contestant should show by competent evidence that a mistake in the count or the returns, either accidental or willful, has been made before he would be entitled to a recount of the ballots. The evidence in support of the contest must indicate at least a probability that the recount would decide the contest in favor of such contestant. In any event, such evidence must be introduced as will reasonably overcome the prima facie presumption of correctness and fairness of the official return as defined in chapter 100, Session Laws 1927, supra. See, also, Conaty v. Gardner (Conn.) 52 Atl. 416.

In the case at bar, if contestant had information to set out the votes he claimed that he should have received in the several precincts of Creek county, whether such information came from the precinct officials, watchers appointed in the several precincts, or by other persons, he should have offered evidence thereon, and if such evidence had been sufficient to meet with the requirements above, a recount should then have been ordered. However, contestant did not see fit to introduce any evidence to support those allegations so far as shown by this record.

Chapter 63, supra, provides that the election boards shall hear the evidence and conduct the trial in a contest of this kind. The matter of sufficiency of evidence to justify a recount of the ballots rests largely in the

sound discretion of the election board, and the determination of whether or not a recount shall be granted must depend upon the facts shown at the hearing provided in section 9, and the determination of the question of fact will not be reversed on appeal except for abuse of such discretion. Conaty v. Gardner, supra.

The evidence in the case at bar, in our opinion, wholly fails to meet this requirement. There is no question raised in this appeal that the election board abused its discretion in holding that the evidence offered was insufficient.

Since we have concluded that section 6107, C. O. S. 1921, is repealed by chapter 63, Session Laws 1927, it follows that the contestant must introduce at the hearing before the State Election Board some evidence that mistake, error, or irregularity has occurred with respect to the count of the ballots or certificate of return of the counters.

The contestant in this case has offered no such evidence, and it, therefore, follows that the State Election Board was right in sustaining the demurrer of the contestee to the evidence of the contestant, dismissing the challenge of the contestant and holding that the contestee was entitled to the certificate of Democratic nomination for Justice of the Supreme Court from the Seventh Supreme Judicial District.

The judgment of the State Election Board is therefore affirmed.

MASON, V. C. J., and RILEY, CLARK, HEFNER, MAXEY, PHILLIPS, and SEMPLE, JJ., concur.

HARRISON, J., absent, not participating.

Note.—See under (1) 20 C. J. p. 239, §323. (2) 20 C. J. p. 210, §270. (3) 20 C. J. p. 213, §271. (4) 20 C. J. p. 249, §345. (5) 20 C. J. p. 248, §342. (6) 20 C. J. p. 255, §352.