**STATE ex rel. KING, Atty. Gen., v. PAYTON.**

No. 23137.   Feb. 5, 1935.

J. Berry King, Atty. Gen., F. M. Dudley, Asst. Atty. Gen., and Perry Porter, Co. Atty., for plaintiff in error.

O. F. Mason and J. J. Smith, for defendant in error.

GIBSON, J. The action is in the nature of a quo warranto proceeding and seeks to oust the defendant from public office. The plaintiff alleges that one Dee T. Watters was the Democratic nominee, and the defendant the Republican nominee for the office of sheriff of Ottawa county at the election of November 4, 1930; that Watters was legally elected by a majority of 159 votes and that Payton, the defendant, is usurping the office by reason of certain ballot tampering.

Thereafter the defendant filed his motion to dismiss the action, alleging, among other things, as follows:

"That the issues of fact and matters of law applicable thereto in this proceeding have been fully adjudicated and determined by this court (district court of Ottawa county, Okla.) in cause No. 10976, styled 'Payton v. Watters' upon an appeal from an order of the county election board of Ottawa county, Okla., and also by proceedings and decisions of the said election board of Ottawa county, Okla., and by decision of the Supreme Court of the state of Oklahoma in the same cause growing out of the same transaction on petition of Dee T. Watters, contestee, in said action, for writ of certiorari, and is therefore res adjudicata, all of said matters, proceedings, judgments, decisions and adjudications of the district court of Ottawa county, Okla., the county election board of Ottawa county, Okla., and the Supreme Court of Oklahoma being proper matters for judicial notice by this court, and all of which are made a part of this motion by reference as though fully pleaded and set out herein."

Thereafter said motion was sustained by the court upon the ground specifically set out hereinabove, and the cause dismissed.

One proposition is presented for the consideration of this court: Can the plea of res adjudicata be successfully urged in an action brought by the state in its sovereign capacity to remove an alleged usurper from a public office if an election contest, to which the state was not a party, between the alleged usurper and another for said office has been decided?

Additional facts disclosed by the record are that the county election board certified Watters' election. In due time the defendant, Payton, in pursuance of chapter 63, Session Laws 1927, filed his petition with said board contesting said election. The board denied his petition and Payton appealed to the district court of Ottawa county, as provided in said act. After a hearing, the district court ordered the said board to proceed with a recount of the ballots. Thereafter the election board made its report to the district court stating that a recount had been had and that the same had disclosed Payton's election by 302 votes. A certificate of election was promptly issued to Payton.

Authority of the state to maintain an action in the nature of quo warranto is not seriously questioned. Plaintiff bases its authority to maintain the present action upon sections 459 and 460, C. O. S. 1921 (sections 766, 767, O. S. 1931), which are as follows:

"459. Grounds for Action in the Nature of Quo Warranto. · Such action may be brought in the Supreme Court or in the district court, in the following cases:

"First. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or shall claim any franchise within this state or any office in any corporation created by authority of this state. * * *

"460. Who May Bring Action. When the action is brought by the Attorney General or the county attorney of any county, of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state, but where the action is brought by a person claiming an interest in the office, franchise or corporation, or claiming any interest adverse to the franchise, gift or grant, which is the subject of the action, it shall be prosecuted in the name and under the direction, and at the expense of such persons; whenever the action is brought against a person for usurping an office, by the Attorney General or the county attorney, he shall set forth in the petition the name of the person rightfully entitled to the office, and his right or title thereto; when the action in such case is brought by the person claiming title, he may claim and recover any damage he may have sustained."

The plaintiff urges the case of Bartlett v State, 13 Kan. 99, wherein these sections were construed by the Supreme Court of Kansas prior to the adoption of said sections by this state. The question presented there was whether the county attorney on relation of the state could maintain an action in the nature of quo warranto to oust certain alleged usurpers of certain city offices. There the court speaks as follows:

"But this right of action on the part of the individual does not oust the state from its right of action. Their separate rights of action are founded upon separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is. interested in the good government and general welfare of all its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person. * * *"

There the petition was silent as to whether or not a former action had been commenced by an interested individual and silent also as to whether there existed claimants other than the alleged usurpers. In that case the court states further:

"Whenever any person usurps an office. and attempts to hold it wrongfully and without any legal authority, as the county attorney alleges that the defendants have done and are doing in this particular case, then we suppose that not only the state, but also any individual who may be entitled to hold the office, may maintain an action in the nature of quo warranto to oust such usurper from such office. But each has a separate action, and the two together do not have a joint action. Neither is a necessary party when the other commences the action. Hence, although the state is the only plaintiff in this case, and the persons entitled to hold the different offices are not made parties thereto, still there is no defect of parties plaintiff. But, as we shall state more fully hereafter, the petition shows that no person is entitled to hold any one of said offices."

It would necessarily follow, since under the sections in question the state and the interested party can each maintain an action against a usurper and cannot maintain a joint action, their rights to maintain an action are concurrent, and an action by one is a bar to an action by the other where the same issues are involved.

However, the contest before the election board was not prosecuted under these sections, but under chapter 63, Session Laws 1927, the portion of which material to the question here involved is as follows:

"Section 3. Any candidate for party nomination to county office may, at any time within 10 days from the date of the primary or the general election, file with the county election board his or her challenge of the correctness of the announced results of said primary or general election by filing with the county election board, whose duty it is to canvass the returns in such race, a verified statement setting forth a state of facts which, if true, would change the result in his or her favor; or setting forth a state of facts showing that fraud has been committed in connection with such nomination or election, or both, which, if sustained, would affect the result of the election and change the same in favor of the contestant."

(Omitting sections relating to notice and hearing before county election board and provision for appeal from its decision).

"Section 10. As to nominations or elections to county office, the appeal shall be to the district court of the county involved, and may be perfected by giving notice of such appeal within 48 hours after the rendition of the judgment or order from which such appeal is taken. Upon the filing of such notice of appeal with the secretary of the county election board, the county election board shall, at the expense of the party appealing, prepare a transcript of the records and proceedings, together with the findings and conclusions, and the order made, and transmit the same within 5 days to the court clerk of the county wherein such contest is pending, and such appeal shall be assigned for hearing at once and shall be considered and determined by the district court upon the record so made, and its decision shall be final."

In view of this chapter, can it be said that Payton's contest constituted a bar to the action by the state under the sections quoted? We think it did.

In Brown v. Branson, 139 Okla. 271, 270 P. 63, this court said:

"At common law any candidate for the nomination of a political party for public office had no right of contest. Jarman v. Mason, 102 Okla. 278, 229 P. 459. The method prescribed by statute is exclusive. Whitaker v. Swanner et al., 121 Ky. 281, 89 S. W. 184; Roussel v. Dornier et al., 129 La. 930, 57 So. 272, also reported in 41 L. R. A. (N. S.) 557. It will be observed that section 1 of chapter 63, supra, necessarily precludes any contest in either primary or general election except as is specifically provided in the remainder of said chapter 63. The language of section 1, by saying that 'neither the right to a certificate of party nomination, nor the right to certificate of election, shall be considered a property right to any extent whatsoever, unless and until

such right to such certificate shall be determined and such certificate issued as hereinafter provided,' necessarily precludes any other interpretation of the purpose of said act. It assumes to and does provide the conditions, procedure and effect of contests under said chapter. It assumes to and does cover the entire field of contests in primary and general elections. It is a settled rule in this jurisdiction that an act that covers the entire field repeals all former statutes on the same subject. Smock v. Farmers' Union State Bank, 22 Okla. 825, 98 P. 945; Garnett et al. v. Goldman, 39 Okla. 516, 135 P. 411; MaHarry v. Eatman, 29 Okla. 46, 116 P. 935; Henley v. Davis et al., 57 Okla. 45, 156 P. 337."

Since the Act of 1927 covers the entire field of contests in primary and general elections, and since the settled rule in this jurisdiction is that an act that covers the entire field repeals all former statutes on the same subject, we necessarily hold that (1) the right to try title to public office is governed entirely by chapter 63, Session Laws 1927, where the title to such office depends upon the results of an election and the action to try such title is between the opponents in the election questioned. Where opponents in an election to public office have litigated their rights to hold said office under chapter 63, Session Laws 1927, such litigation constitutes a bar to an action in the nature of quo warranto on the part of the state to determine the same question between the same parties.

By the Act of 1927, the right of an individual to try title to public office by quo warranto is replaced by his right to contest said election as in said act provided. The right of the state to maintain an action to determine the rightful claimant to an office could, under certain conditions, be concurrent with the right of action on the part of an individual claimant to such office, but the institution and determination of an action by one would be a bar to an action by the other.

We do not say that the state in its sovereign capacity cannot maintain action in the nature of quo warranto to oust from office actual usurpers who assume to act without color of title. In the present case the defendant holds title to the office in question, which title has been tried by the exclusive method provided for that purpose, by a court of competent jurisdiction whose judgment cannot be collaterally attacked. 20 C. J. 262. We hardly see how it can be urged that the state is not bound by the statutory enactment of 1927 (Linegar v. Rittenhouse, 94 Ill. 208; Comm. v. Garrigues, 28 Pa. 9),

458

and that it has not parted with its right to proceed by quo warranto in such cases (State ex rel. Andrews v. Lewis, 51 Conn. 113).

And we conclude that (2) a final judgment rendered by a court having jurisdiction of an election contest and proceeding regularly is conclusive between the parties and their privies, and is a bar to subsequent litigation, not only as to the matters actually tried, but also as to all which might have been tried, and that such a contest, if conducted under a statute which contains the exclusive method of contest, such proceedings are in the nature of a proceeding in rem, and a judgment thereon is binding upon the state.

Affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.